Wilde J.
delivered the opinion of the Court. The plaintiff moves for a new trial, in the first place, because the question, whether he was chargeable with negligence as the defendant’s factor, was not submitted to the jury, with proper instructions as to the law. This course is undoubtedly proper m all cases involving a mixed question of law and fact. But when the facts are not controverted, it becomes the duty of the Court to direct the jury as to the law.[1] The case reported is of the latter description. The facts proved by the plaintiff were not controverted. The only question was, whether on these facts the law will imply a promise on the part of the defendant, so as to take the case out of the statute of limitations ; and this clearly is an unmixed question of law.[2]
The next, and the principal, ground relied on is a supposed misdirection to the jury ; and several cases have been cited to show, that on the facts reported, the plaintiff is entitled to a verdict on the second issue. The case supposed to be most in point by the plaintiff’s counsel, is that of Jackson v. Fairbank, 2 H. Bl. 340. But this case has been very much shake r by that of Brandram v. Wharton, 1 Barn & Ald. 463. We do not, however, deem it necessary to express an opinion as to these cases ; because the plaintiff does not *57 attempt to avoid the statute of limitations, by showing, that h® was acting under the authority of a joint promisor with the defendant, but by the direction of the defendant himself. And it cannot be doubted, if he was so directed, his acts in pursuance of the direction will bind the defendant.
The question, then, is reduced to this, whether the defendant did direct the sales of the merchandise to be made as they were made, and the proceeds thereof to be indorsed on the note. This direction wras not given in express terms ; but considering the attachment, and the relinquishment of it by the plaintiff, we cannot doubt that it was the intention of the defendant, that the proceeds of the sales of the merchandise consigned should be applied towards payment of the note. The evidence is certainly sufficient to authorize this inference. If therefore the plaintiff had immediately sold the goods, and indorsed the proceeds of the sale on the note, it would have been considered as a payment made by order of the defendant. But this should have been done in a reasonable time, otherwise the interest of the defendant might have been injuriously affected, and there would be "io termination to his liability. In the mean time other payments might have been made, and if the defendant had lost the evidence of them, he would be deprived of the benefit of the statute by an implied acknowledgment against his interests and without his consent.
The question then is, whether the sales were made within a reasonable time. We think very clearly that they were not. Admitting the sales to be valid, so as to vest the property in the purchasers, it does not follow that the plaintiff was authorized to appropriate the proceeds, so as to revive the defendant’s liability without his assent, and without rendering an account of sales, or giving him any kind of notice.
Before the appropriation was made, although after the greater part of the property had been sold, the note was barred by the statute, and this was such a change of circum stances as must have terminated the plaintiff’s authority as an agent, if it had not been terminated before. But even it the note were not barred by the statute at the time of the in-, dorsement, we cannot admit that the defendant would have *58 been bound by it. His direction, as we must construe it, was to make sale of the goods in a reasonable time. ' Tliis the plaintiff was bound to do, for the purpose of saving costs, and to stop the interest. If the plaintiff were negligent, he must not be allowed to avail himself of his own laches in order to charge the defendant.
Upon the whole, the circumstances of the case will not warrant the presumption of any acknowledgment of the debt by the defendant, except at the time of the consignment of the goods, or a reasonable time after, within which a sale of them might have been made.

Judgment according to the verdict on the second issue.

 See 1 Stark. Ev. (5th Amer. ed.) 447 to 464.

 In Miller v. Lancaster, 4 Greenl. 159, it is held, that it is not within the province of the jury to decide what acts or declarations amount to a new promise. See also Snook v. Mears, 5 Price, 638; Boyd v. Grant, 13 Serg. & Rawle, 124, acc.; Buswell v. Roby, 3 N. Hamp. R. 467; Swan v. Sowell 2 Barn & Ald. 763, contra.