## WILLIAM WALKER *vs.* WILLIAM H. STAPLES.

Taking a bill of sale of personal property absolute in terms, but intended as collateral security, amounts only to a pledge, which is lost by giving possession of the property to the general owner, even though under restrictions as to the use of it.

REPLEVIN of a carryall and chaise. The following facts were agreed in the superior court:

In May 1860 S. W. Howe executed a bill of sale of the articles to the plaintiff, absolute in terms, and delivered them to him. It was agreed that the plaintiff should hold them as security for indorsing a note for the accommodation of Howe, which the plaintiff has since been compelled to pay. The plaintiff then left the carriages in Howe's custody, telling him that he might let them to his most careful drivers; and Howe accordingly kept them and, let them to his customers. The plaintiff frequently visited Howe's barn and saw them. In December 1860, while the carriages were in Howe's custody, he sold them for a valuable consideration to the defendant, who had no notice of the transaction between him and the plaintiff. It was not contended by the defendant that there was any fraud in the transaction between Howe and the plaintiff.

Upon the foregoing facts, judgment was rendered in the superior court for the defendant, and the plaintiff appealed to this court.

*H. B. Staples & T. G. Kent*, for the plaintiff.

*P. C. Bacon*, for the defendant.

CHAPMAN, J. According to the cases of *Whitaker* v. *Sumner*, 20 Pick. 399, and *Hazard* v. *Loring*, 10 Cush. 267, the sale of the property by Howe to the plaintiff, though absolute in form, is to be regarded as a pledge, because it was made merely as security to the plaintiff for indorsing Howe's note. And the bill of sale, being a mere bill of parcels, is subject to explanation by parol evidence, even as between the parties to it.

A radical distinction between a pledge and a mortgage is, that by a mortgage the general title is transferred to the mortgagee, subject to be revested by performance of the condition;

but in case of a pledge, the pledger retains the general title in himself, and parts with the possession for a special purpose. To constitute a pledge, the pledgee must take possession; and to preserve it, he must retain possession. *Homes* v. *Crane*, 2 Pick. 607. *Bonsey* v. *Amee*, 8 Pick. 236. A pledgee has merely a lien. Cross on Lien, 63. Continuance of possession is indispensable to the right of lien; an abandonment of the custody of articles over which the right extends necessarily frustrates any power to retain them, and operates as an absolute waiver of the lien. The holder is, in such case, deemed to yield up the security he has upon the goods, and trust to the responsibility of the owner. Ib. 38.

But the doctrine that possession must be retained is held with reasonable qualifications. Thus where the master of a ship pledged his chronometer to the owners, and they permitted him to keep it on board their ship, and use it for the purpose of navigating the ship for a limited period, it was held that they had not thereby lost their lien. *Reeves* v. *Capper*, 5 Bing. N. C. 136. So where a person had contracted with the lessees of a brickyard to take clay and pay them for it, furnish wood, &c., and manufacture bricks, and that they should have a lien on the bricks as security for the advances they should make to him, it was held that he had not such possession as to destroy their lien, because he had no possession, charge or authority in his character of pledger of the bricks. *Macomber* v. *Parker*, 14 Pick. 497.

But in the present case, the plaintiff, after taking formal possession of the carriages, left them in the custody of Howe, and told him he might let them to his most careful drivers. Howe kept them in his barn and let them to his customers. He thus retained the possession for his own use. Such possession was unlike that of the chronometer, in the pledgees' own ship, or the bricks in the pledgees' own yard; for the plaintiff in this case had no title to the barn. The possession of Howe must be regarded as absolute and unqualified, and not special or subordinate, notwithstanding the limitation of the authority to let the carriages to his most careful drivers.

It is stated further, that the plaintiff frequently visited the barn, and saw the property; but this fact is immaterial, inasmuch as he did not, on any of these occasions, exercise or assert any control over the property. To hold that such a disposition of pledged property is sufficient to maintain the lien, would be going far beyond any of the cases cited, and would substantially destroy the whole doctrine of pledges, as resting on possession. The cases cited, of *Spaulding* v. *Adams*, 32 Maine, 211, and *Beeman* v. *Lawton*, 37 Maine, 543, sustain this view. In the latter case the court say, " The element of possession failing, there can be no pawn nor pledge."

*Judgment for the defendant.*