### Joshua C. Kimball *vs.* James M. Hildreth.

Taking a bill of sale of personal property at a price less than its estimated value, with an agreement that the original owner shall have the same again at any time after a fixed day, upon refunding the price, with a small additional sum for trouble in trying to sell the same, amounts only to a pledge, which is lost by giving possession of the property to the general owner.

If on the undisputed facts a verdict was right, this court will not inquire into the correctness of the rulings under which it was rendered.

Tort for the conversion of a watch and chain. The answer denied the conversion, and the title of the plaintiff to the property; set forth the special contract of the plaintiff hereafter copied; and averred that the plaintiff borrowed the watch and chain from James M. Hildreth, Jr. for a temporary purpose, and wore them for several weeks, and then lent them to the defendant for a like purpose, and that James M. Hildreth, Jr. thereupon demanded them of the defendant, and that the defendant accordingly delivered them to him.

At the trial in the superior court, before *Rockwell*, J., it appeared that the plaintiff, being the owner of the watch and chain, delivered them, on the 2d of January 1863, to the defendant's son, James M. Hildreth, Jr., under the following contract, signed by the latter:

" Bought of J. C. Kimball one gold hunting case watch and a

gold chain, for the sum of thirty-five dollars, with the agreement, and this is a part of this contract, that the said Kimball shall have the said watch and chain any time after three months by refunding the said sum of thirty-five dollars, and three dollars for his trouble in trying to sell said watch and chain. The value of said watch and chain is considered to be sixty dollars. Said Kimball shall take said watch and chain for said sum of thirty-five dollars and the further sum of three dollars within a reasonable time after said three months, if required."

At the same time, the plaintiff also signed the following paper :

" Having sold J. M. Hildreth, Jr. a watch and chain conditionally, I hereby agree to take it back at the end of three months and give him thirty-eight dollars, if he does not succeed in selling it so as to allow me fifty dollars for the watch and chain."

There was also evidence tending to sustain the facts set forth in the answer, and it was admitted that the watch and chain were delivered back to the plaintiff as therein averred, and that the plaintiff duly demanded the same after the delivery of them by him to the defendant.

The jury returned a verdict for the plaintiff, under instructions which are now immaterial ; and the defendant alleged exceptions.

A. R. Brown, for the defendant.

D. S. Richardson & G. F. Richardson, for the plaintiff.

METCALF, J. The contract of January 2d 1863, between the plaintiff and J. M. Hildreth, Jr., was a pledge of the watch and chain to Hildreth, with a power in him to sell them for a stipulated sum.

To render a pledge valid as a security, there must be not only a delivery to the pledgee of the property pledged, but also a continued possession thereof by him. If he relinquish possession, the pledge no longer exists, but is extinguished or waived. Story on Bailm. § 287. Eastman v. Avery, 23 Maine, 250. Russell v. Fillmore, 15 Verm. 135. Walcott v. Keith, 2 Fost. (N. H.) 209. Walker v. Staples, 5 Allen, 34, and authorities there cited.

It was admitted by the defendant, at the trial, that the watch and chain were delivered back by J. M. Hildreth, Jr. to the plaintiff. And there was evidence, which was not controverted, that the plaintiff wore the watch several weeks, and then lent it to the defendant. The pledgee, by delivering back the pledged property to the plaintiff, lost all his rights under the contract of pledge, according to the above cited authorities, and the plaintiff was thereby enabled legally to dispose of that property as if he had never pledged it. As he lent it to the defendant, who delivered it to his son, to whom it was formerly pledged, and refused to return it to the plaintiff on its being demanded of him, he made himself liable to this action, and the verdict was rightly returned against him.

The verdict being right, we need not decide whether the ruling and instructions under which it was found, and to which the defendant excepted, were or were not correct. 5 Mass. 10, 104. 7 Met. 275, 276. 8 Gray, 249. It is manifest from the answer filed by the defendant, and from the evidence introduced by the plaintiff, that the ground on which we uphold the verdict was not taken at the trial.      *Judgment on the verdict.*