ESTHER R. VANSTONE, Plaintiff in Error, v. JAMES
W. GOODWIN *et al.*, Defendants in Error.

Kansas City Court of Appeals, November 10, 1890.

1. **Equitable Lien:** WHAT IS AND WHAT IS NOT. An equitable lien is not an estate or property in the thing itself, nor a right to recover the thing, but is a right or interest in the thing, furnishing a ground for the specific remedies which equity confers, operating upon particular identified property instead of the general pecuniary recoveries granted by courts of law ; and an instrument of writing to create such a lien must have an efficacy to carry or transfer some legal interest in the property itself.

2. **Mortgage:** WHAT IS AND WHAT IS NOT. Wherever there is a conveyance of the legal title to personal property upon express condition subsequent, the transaction is a mortgage ; but where there is no conveyance of the legal title, there is no mortgage, though the instrument contain a condition subsequent.

3. **Pledge:** WHAT IS AND WHAT IS NOT. A delivery of personal property by a debtor in security for a debt accompanied by a written agreement whereby the debtor agrees, if he does not pay the debt by a certain time, the creditor may dispose of the property to pay the debt is a pledge and not a mortgage ; but if there is no delivery of the property there is no pledge. The word " pledge " employed in an instrument does not conclusively determine the character of the transaction.

4. **Equitable Lien:** INSTRUMENT CONSTRUED. An instrument of writing, set out in the opinion, is *held* not to create any right or interest in certain bank stock therein mentioned, which a court of equity could lay hold of, and by means of which equitable relief could be made effectual, there being no conveyance of the legal title nor delivery of the stock.

5. **Definitions:** CERTIFICATE OF STOCK: SHARE. A certificate of stock is a muniment of title—the evidence thereof. A share is a species of incorporeal, intangible property in the nature of a chose in action.

6. **Delivery:** RULE AS TO : AGENT. The infallible test of delivery is the fact that the grantor has divested himself of all dominion over the conveyance, and, when the depositary, though the agent of the grantee, holds the instrument subject to recall of the grantor, there is no such delivery as to render it efficacious as a conveyance.

7. **Appellate Practice**: MOTION FOR NEW TRIAL. Where the motion for a new trial does not complain of the action of the trial court, the appellate court is not at liberty to review such action.

*Error to the Saline Circuit Court.*—Hon. Richard Field, Judge.

Affirmed.

*Samuel Boyd*, for plaintiff in error.

(1) Under the statute of this state, the money given by Mrs. Robinson to her daughter, the plaintiff, became the separate property of plaintiff; and the contract made between plaintiff and her husband in relation to it was good in equity as between them. *Roberts v. Walker*, 82 Mo. 200; *Hammonds v. Renfrow*, 84 Mo. 332; *Walsh v. Chambers*, 13 Mo. App. 301; *Simmons v. Dent*, 16 Mo. App. 288. (2) The written contract read in evidence dated December 6, 1884, written by defendant, Van Anglen, and left with him by defendant Vanstone, was sufficient, and created an equitable lien on the bank stock in favor of the plaintiff. Pomeroy's Equity, secs. 165–169. Defendants, Goodwin and Van Anglen, as president and cashier of the First National Bank, were, when the funds and assets were placed in their hands for settlement with the stockholders, trustees for the benefit of plaintiff to the extent of her interest, equitable or otherwise, in the twenty shares of stock, and by paying to Orear the value of the twenty shares, either in money or in other stock, converted the same to their own use; and the judgment in this case should have been for the plaintiff. Pomeroy's Equity, 1063; *Judy v. Bank*, 81 Mo. 404. In any view of this case, the circuit court should have rendered a judgment against the defendant Vanstone, and for that reason alone should be reversed and remanded.

*Leslie Orear*, for defendants in error.

( 1 ) If the instrument of writing read in evidence, conveying the twenty shares of bank stock, is to have any legal effect, it is a pledge. Jones on Pledges, sec. 7. To constitute a valid pledge, the pledgee must take possession ; to preserve it, he must retain possession. An actual delivery of property capable of personal possession is necessary ; the delivery must be such as would be requisite to transfer the property in the same chattels in case of a sale of them. Jones on Pledges, sec. 23, and cases cited ; *Keiser v. Topping*, 72 Ill. 226. The certificates of stock in a corporation are the muniments of title. Jones on Pledges, secs. 36, 40, 152, 177, 178. There was no lien, either legal or equitable, in favor of plaintiff on the bank stock described in this case. ( 2 ) There was no delivery of the writing conveying or assigning the bank stock. To constitute a delivery of a writing evidencing title, or right to possession, it is necessary that all present and future dominion over the property or thing delivered pass irrevocably from the person making the delivery. *Muller v. Pondir*, 55 N. Y. 325 ; *Worth v. Carr*, 42 N. Y. 362 ; *Woodward v. Doran*, 21 Am. Dec. 573. The grantor must part with entire control of deed, when title passes by the instrument. *Scott v. Scott*, 95 Mo. 300 ; *Miller v. Lullman*, 81 Mo. 311 ; *Turner v. Carpenter*, 83 Mo. 336 ; *Hammerslough v. Cheatham*, 84 Mo. 19 ; *Baker v. Haskett*, 93 Am. Dec. 455. ( 3 ) No equitable lien could be created under a parol promise to give security, even though the court should have found such promise was made, such as would affect these defendants without notice. ( 4 ) It is difficult to understand upon what theory plaintiff claims that the circuit court should have rendered any judgment in this case against the defendant, James Vanstone, without acknowledging that his petition is multifarious. The

case was tried below as a case of conversion, and defendant Vanstone was a nominal party; he was not charged with conversion of the bank stock, and no attempt was made in the lower court to recover from him a money judgment on the note. *Sweet v. Maupin*, 65 Mo. 65, 73, cases cited; *Rankin v. Perry*, 5 Mo. 501; *Westcott v. Bridwell*, 40 Mo. 146.

SMITH, P. J.—This was a suit, equitable in its nature, brought by the plaintiff against defendants in the circuit court of Saline county, where defendant had judgment, and plaintiff brings the case here by writ of error. The petition in substance alleged that defendant Vanstone, the plaintiff's husband, in the year 1884, executed and delivered to plaintiff his promissory note for eighteen hundred dollars, and that he was then the owner of twenty shares of the capital stock of the First National Bank of Marshall, of which said bank the other two defendants, Goodwin and Van Anglen, were respectively president and cashier, and which said stock he undertook, by an instrument in writing, to convey to plaintiff for the purpose of securing said promissory note; that, afterwards, said instrument was delivered to said defendants, president and cashier of said bank, for the purpose of having said stock transferred to plaintiff on the books of said bank; that said stock was transferred to plaintiff on the books of said bank; that the face value of said stock was two thousand dollars, and that its actual value was twenty-five hundred dollars; that, afterwards said bank was dissolved, and the said defendants, president and cashier, took charge of and had in their custody all of the assets of said bank; that said note was given for money loaned her said husband which was her own separate property, being money given her by her mother after her marriage; that no part of said note had been paid; that said bank, at the time of its dissolution, was entirely solvent; that the entire assets of said bank, at

the time of its dissolution, were left in the hands of said president and cashier, as trustees, for the purpose of paying the same to those entitled to the distribution thereof ; that the said president and cashier, as trustees, have refused to pay said promissory note, or any part thereof, and have appropriated said assets to their own use, etc. The prayer was for judgment against Vanstone for the amount òf the note and interest, and that the other defendants be required to pay into court the value of said twenty shares in said bank at the time of the dissolution, and the profits arising from the use thereof, or so much as was necessary to be applied to the payment of the judgment against Vanstone, and for other relief. The answers of defendants were severally general denials. These were supplemented with special matters of defense, which need not be set forth here for the purpose of a proper understanding of the case.

The instrument of writing mentioned in the pleadings and read in evidence was as follows :

"MARSHALL, Mo., December 6, 1884.

" To secure the payment of my promissory note of even date herewith, in favor of E. R. Vanstone, for the sum of eighteen hundred dollars, payable twelve months after date, with interest from date at the rate of ten per cent. per annum, I hereby pledge to said E. R. Vanstone, as collateral security for said note, the following personal property, to-wit: Twenty shares of the capital stock of the First National Bank of Marshall, Missouri, now standing in my name on the books of said bank, and represented by certificate of stock number twelve (12) ; and, in case default be made in the payment of said note and interest, I hereby appoint A. S. Van Anglen as my true and lawful attorney in fact for me, and in my name to sell said stock without notice at public or private sale, at his option, applying the proceeds to the payment of my said note and interest, and accounting to me for the surplus, if any. And the board of directors of said First National Bank

are hereby requested to confirm such sale by canceling said certificate number twelve, and issuing new certificate to the purchaser thereof.

"Witness my hand and seal this December 6, 1884.

"[Seal.]                              J. S. VANSTONE.

"Witness:   JAS. W. GOODWIN."

The evidence further tended to show that the money for which the note was given plaintiff by her husband was a gift from the plaintiff's mother to her after her marriage with Vanstone, and that the plaintiff never saw the above recited instrument of writing, nor had it in her possession; that the president and cashier of said bank knew the contents of said instrument of writing; that those officers gave the plaintiff notice that there would be a meeting of the stockholders of said bank for the purpose of considering a proposition to voluntarily liquidate the affairs of said bank for the purpose of changing it into a state bank; that the bank subsequently went into liquidation and that the defendants, Goodwin and Van Anglen, were intrusted with its entire assets for that purpose; that the bank was reorganized under the state law; that the said Goodwin and Van Anglen knew the said plaintiff made some claim to the stock that was owned by her husband; that the said stock was levied upon and sold as the property of her husband under an execution in the hands of the sheriff against him; that at the sale Mrs. Lynch became the purchaser, to whom, on the production of the sheriff's bill of sale, a stock certificate for the Vanstone stock was issued; that the interest in the assets of the old bank represented by said twenty shares of stock which had been owned by defendant Vanstone was paid to Mrs. Lynch by the issue to her of stock in the successor bank; that, after the sale of the Vanstone stock by the sheriff to Mrs. Lynch and the issue of the stock certificate to her, the plaintiff for the first time demanded of the defendant Van Anglen that he execute

the power conferred upon him by said written instrument, which he declined to do. There is no evidence that the said stock certificate issued to defendant Vanstone was ever in the possession of either the plaintiff or Van Anglen, or that the same had ever been assigned or transferred to them or either of them by the defendant Vanstone by blank indorsement thereon; or that he had ever parted with the possession thereof, or delivered the same to any one with or without such indorsement and assignment thereof for the plaintiff or Van Anglen. There was uncontradicted evidence to the effect that defendant Vanstone stated at the time of the execution of said instrument, and the placing of it in the hands of the depositary, that he did not intend to part with the control of either the certificate of stock or of said instrument relating to it. This is the substance of all of the material evidence in the case. Upon the pleadings and evidence in the case we must determine whether the trial court erred in finding for defendants and in dismissing the plaintiff's petition.

Unless the plaintiff can show some primary right or interest, which should be maintained, enforced or redressed, equity is powerless to afford her any relief. It is insisted by the plaintiff that the instrument of writing executed by her husband to her created a lien on said bank stock, which equity will enforce. An equitable lien is not an estate or property in the thing itself, nor a right to recover the thing; that is, a right which may be the basis of a possessory action. It is neither *jus ad rem* nor a *jus in re*. The doctrine of equitable liens supplies the necessary element, and it was introduced for the sole purpose of furnishing a ground for the specific remedies which equity confers, operating upon particular identified property instead of the general pecuniary recoveries granted by courts of law. Pomeroy's Eq. Jur., sec. 165. The pertinent inquiry now is does the instrument referred to create a right or interest in the bank stock therein mentioned

which a court of equity can lay hold of, and by means of which equitable relief can be made effectual? This brings us to the consideration of the nature of said instrument. If it created a lien it must be because it is operative either as an equitable mortgage or pledge of the bank stock as a security for the payment of plaintiff's debt. At all events, the lien which is claimed by plaintiff, if it exists, must in some way have been created by said instrument. If it does not spring from and find its origin in that transaction, it has no existence. Viewed as an executory contract it must, to have any efficacy to carry or transfer some legal interest in said bank stock. It is said in the elementary books that, wherever there is a conveyance of the legal title to personal property upon express condition subsequent, the transaction is a mortgage. The instrument we are considering does not purport to convey the legal title of the said stock, and, though it does contain a condition subsequent, it cannot be held to be a mortgage. There are no words employed in it which can be construed to evince an intention of the husband to convey the legal title to the subject-matter thereof to the plaintiff, or to any one in trust for her. This, as has been stated, was essentially necessary to give the transaction the character of a mortgage.

In Jones on Pledges, section 8, it is said by that author that a delivery of personal property by a debtor in security for a debt, accompanied by a written agreement, whereby the debtor agrees that if he does not pay the debt by a certain time the creditor may dispose of the property to pay the debt, is a pledge, and not a mortgage. If the title remains in the pledgeor, with power in the pledgee to sell, etc., the transaction is a pledge. This instrument would fulfill the definition of a pledge had the property it was designed to affect been delivered to the plaintiff, or, perhaps, to any one for her. But the testimony nowhere discloses the fact that the husband ever parted with the possession of the

stock. It seems, on the contrary, that he retained and controlled it until his title was divested by the sale under judicial process.

The uncontradicted testimony of Van Anglen was that the plaintiff's husband stated, at the time of said transaction, that he did not want to lose control over the stock, and hence he left it in the witness' possession, to be called for at any time by him or his nephew; consequently the actual delivery of the stock, which was essentially necessary to constitute the transaction a pledge, seems to have been wholly wanting in this case.

The word "pledge," as employed in the instrument, does not conclusively determine the character of the transaction. The rule is that even where this word is used, if it appears that it was the clear intent of the parties that the possession of the subject-matter was to remain in the debtor, and the possession does so remain, the transaction will be held to be a mortgage. Jones on Pledge, sec. 11; *Haskell v. Pattison*, Edm. & Sel. Cases, 120. So that this instrument does not convey any title in the stock to the plaintiff, nor was there any delivery of the possession thereof to her, or any one for her, and is, therefore, neither a mortgage nor a pledge.

We are unable to discover that this instrument created any right or interest in the stock, whether construed as a mortgage or a pledge, which a court of equity could lay hold of, and by means of which equitable relief could be made effectual. A "certificate" of stock is a muniment of title. A "share" is a species of incorporeal, intangible property in the nature of a chose in action. By an indorsement in blank and delivery of the certificate, the shares of stock represented by it become payable to bearer. It passes like commercial paper, and is the solemn affirmation of the corporation, under its seal, that the person therein named is the owner of a certain number of the shares of stock. The title to the shares may exist without the certificate, the certificate being only the evidence of the

title of the shareholder. In this case the plaintiff has not shown that the certificate of stock held by her husband in the bank was indorsed in blank by him, or delivered to her, or to any one for her. The instrument does not purport to convey these shares to the plaintiff, nor to Van Anglen in trust for her, nor, indeed, is there any evidence from which we can deduce the conclusion that it was her husband's intention to part with the title of his stock before the sale thereof, as provided in the instrument. So that no legal or equitable title or interest passed to the plaintiff under said instrument. The fact that the stock was not assigned on the books of the bank to plaintiff would not, in the light of the most advanced legal thought, constitute any barrier to the plaintiff's right of recovery if there were any primary equities in her favor lying behind that fact, capable of enforcement according to the principles applicable to equitable remedies.

The defendants further contend that the said instrument cannot be upheld as a conveyance creating any right or interest in said bank stock, for the reason that the same was never delivered to plaintiff, nor to any one for her. In 2 Greenleaf's Evidence, section 297, it is laid down that the delivery of the deed is complete when the grantor or obligor has parted with dominion over it, with intent that it shall pass to the grantee or obligee, provided the latter either assents to it by himself or his agent." In *Huey v. Huey*, 65 Mo. 690, upon the authority of *Cook v. Brown*, 34 N. H. 460, the rule is stated to be that "there must be a time when the grantor parts with his dominion over the deed, else it can never have been delivered. *So long as it is in the hands of the depositary, subject to be recalled by the grantor at any time, the grantee has no right to it.*" The infallible test of delivery is the fact that the grantor has divested himself of *all dominion and control over the conveyance. Ells v. Railroad*, 40 Mo. App. 165. The instrument in this case was left with the depositary,

subject to the dominion and control of the plaintiff's husband, who executed it. This was the uncontradicted evidence. Even if Van Anglen was the agent of the plaintiff, still he held the instrument, subject to be recalled by the husband. So that it is quite obvious that, within the meaning of the authorities just cited, there was no such delivery of said instrument as rendered it efficacious as a conveyance to plaintiff of any interest of the husband in said bank stock. The instrument, viewed as an authority to sell said stock and transfer the same upon the books of the corporation, is invalid, for the reasons already stated.

It would seem that the plaintiff has been badly treated, in consequence of which she has, perhaps, lost her debt, but, while this is so, we are unable, upon the facts presented to us, to suggest any principle in equity which would afford her any relief.

In the view of the case expressed by us, it becomes unnecessary to notice the other points suggested in the briefs of counsel further than to state that, as the motion for a new trial did not complain of the action of the trial court in declining to render a judgment at law against defendant Vanstone in his note to plaintiff, we are not at liberty to review that matter here. The judgment of the circuit court will be affirmed. All concur.