31642.   VALDOSTA PLYWOODS INC. *v.* BELOTE *et al.*

Decided September 6, 1947.

*J. B. Copeland,* for plaintiff.

*Franklin, Eberhardt & Barham, West L. Cranford,* for defendants.

FELTON, J. ■ The motion to dismiss the writ of error is on the ground that there is no valid assignment of error. While the assignments may not be as technically accurate as they might have been, the final judgment is excepted to and likewise the exclusion of the evidence offered. The order excluding the evidence shows the grounds of exclusion and the exception under such circumstances is sufficient to apprise this court of the contention made.

■ The court erred in excluding the evidence and in ordering the claims of the other two creditors paid .in preference to the claim of the plaintiff in error. "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." Code, § 67-102; *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786); *Daniel* v. *State,* 63 *Ga. App.* 12 (10 S. E. 2d, 80); *Findley* v. *Deal,* 69 *Ga.* 359; *Hillis* v. *Comer & Co.,* 14 *Ga. App.* 30 (79 S. E. 930). While the word "pledge" has a definite, invariable legal meaning when so used, unless it is so used it does not have such invariable meaning. The intention of the parties is the criterion for the construction of a contract, and when the context of a contract shows in itself that the term is not used in a technical sense, the word is ambiguous and subject to explanation. However, in view of the fact that the determination of whether a conveyance is a pledge or not involves not only the construction of the writing, but also the fact of delivery or nondelivery of the property conveyed, it may be that the ambiguity is not required to be within the four walls of the contract in such a case, but we shall apply the strict rule here. The property here given as security was a sawmill outfit, plus accessories, including a 1-½ ton truck with log bolster. The court will take judicial notice at least of the fact that the pledge of such property to secure debt is most unusual and rare, in fact practically unheard of. This fact, together with the testimony excluded, to the effect that the intention (not merely the pledgor's or mortgagor's) was to create a mortgage, is sufficient to show, in the absence of other evidence, that the word meant mortgage. One other illustration will suffice to show that an ambiguity may be determined from

the nature of the property conveyed. If one stated in a note that he "mortgaged" certain stocks and choses in action, to secure the debt, and delivered the property to the payee, the transaction would be construed to be a pledge, for the reason that choses in action cannot be mortgaged, and so to construe the contract would defeat the obvious intention of the parties. "It has been said that a mortgage is in the nature of a pledge to secure payment of the mortgage debt. Also, in equity a mortgage and a pledge in most respects are subject to the same rules, and the term 'mortgage' as used in a statute has been held to include a pledge. In states where a chattel mortgage does not transfer the title to the chattels to the mortgagee but merely gives him a lien, it has been said that the rights of a mortgagee in possession and a pledgee are practically, if not identically, the same." 10 Am. Jur. § 10, p. 723. "There is no general rule for determining whether a particular transaction is a mortgage or a conditional sale and every case must be decided on its own circumstances. The legal aspect of the contract in this respect depends upon the intention of the parties, to be ascertained by a consideration of the entire instrument and the surrounding circumstances, and not upon the form of the instrument or the name which the parties may have given to it." 10 Am. Jur. § 9, p. 722. In Walker v. Staples, 87 Mass. 34, it was held that a bill of sale of personal property absolute in terms, but intended as collateral security, amounts only to a pledge where the property is delivered to the pledgee, which is lost by giving possession of the property to the general owner, even though under restrictions as to the use of it. The same was held in Kimball v. Hildreth, 90 Mass. 167. In Ward v. Sumner; 22 Mass. 58, a conveyance of furniture was held to be a mortgage, though it could have been construed as a pledge, because the property was not delivered to the obligee. "It is true that the use of the word 'pledge' does not, of itself—ex vi termini—settle the character of the transaction; for where it is the clear intent of the parties that the possession of the goods and chattels shall remain in the debtor, until default of payment, it will be regarded as a mortgage, even if the word 'pledge' is used." Haskins v. Patterson & Ballentine, Edmonds' Selected Cases, 120 (N. Y.). To the same effect see Vanstone v. Goodwin, 42 Mo. App. 39, where a conveyance of stocks was held not to be a pledge because there was no delivery

and no mortgage because interest in stocks is not so conveyed. See Jones on Pledges and Collateral Security (2d ed.), 15, §§ 11, 12.

In various transactions between the plaintiff in error and De-Loach various terms were used to show the nature of the security given. In one instrument it was stated, "All items described by this bill of sale are tendered by the buyer as collateral and security on the note." The court properly held that those terms created a mortgage, and we can see no distinction between that provision and the one in the last instrument, the one with which we are dealing. To tender collateral and security implies a pledge about as much as the word "pledge" itself. So, under the facts and circumstances of the case we hold that the court erred in excluding the evidence indicated and in finding against the plaintiff in error. These circumstances, to sum up, are, the nature of the property and the consequent ambiguity of the term "pledge;" the non-delivery of the property to the payee of the note; and the stipulated testimony of Nichols as to the meaning of "pledge."

This ruling does not conflict with the general principle that in cases of doubt the transaction must be construed to be a pledge. For this principle to apply, all the elements of a pledge must be present, including delivery of the property, an element which is not present in this case. Failure to record the instrument and prejudice to third parties are not involved in this case. Neither is the prejudice of third parties involved because of the ambiguous term "pledge." The transaction as it was intended between the immediate parties is controlling. Code, §§ 67-109, 67-1305; *Mackler* v. *Lahman,* 196 *Ga.* 535 (27 S. E. 2d, 35).

The court erred in not finding that Valdosta Plywoods Inc. had a prior claim and was entitled to the funds in question.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*