44035, 44036.  AMERICAN FRUIT PURVEYORS, INC. v. AVIS RENT-A-CAR SYSTEMS, INC.; and vice versa.

DEEN, Judge.  Avis Rent-a-car Systems, Inc. entered into a printed form "Truck Lease and Service Agreement" with American Fruit Purveyors, Inc., which by its terms was to continue indefinitely until terminated as provided in the agreement. Two paragraphs of the agreement deal with termination. Paragraph 14, headed "Business Failure" provided conditions under which the lessor might repossess vehicles, sell them, and charge the difference between sale price and

cost price less depreciation (straight line depreciation being one of the factors in determining rental payments). Paragraph 13 appears in part as follows: "Option to Terminate: Either party who is not then in default of its terms, shall have the option to terminate this agreement: (a) As to all vehicles on any anniversary of the delivery date of the last vehicle delivered hereunder to customer. (b) as to any one or more of said vehicles on the anniversary of their respective delivery dates, by giving to the other thirty days advance written notice of the former's intention to so terminate, provided nevertheless that customer shall purchase the said vehicle or vehicles with respect to which such option is exercised, on the termination date designated in such notice." The remainder of the paragraph deals with the method of calculating sale price. The appellant lessee, who has leased three trucks on various dates, gave a written 30-day notice of termination under Paragraph 13 (a). Instead of retaining and paying for the three vehicles, however, it returned them to Avis on the anniversary of the delivery date of the last vehicle. Avis eventually sold the trucks and sued the lessee for the purchase price as calculated under Paragraph 13 less sums received on the sale. Both parties moved for summary judgment. Both motions were denied, and both movants have appealed. *Held:*

1. Does the purchase provision relate to both subparagraphs or only to Subparagraph (b)? The lessee contends that because of the period after the word "customer" it has the right to return the vehicles without further liability. Avis contends that the period is a misprint and should have been a comma, as shown by the fact that the next word does not begin with a capital letter as it would if beginning a new sentence. Since it is obvious that an error in printing exists regardless of which view is adopted, the decision cannot rest on punctuation alone. Neither a clerical error nor an error in punctuation is controlling where the intent of the parties is otherwise ascertainable. *Bridges v. Home Guano Co.,* 33 Ga. App. 305 (125 SE 872). Otherwise phrased, punctuation is used as a guide to resolve, but not to create, ambiguities in written instruments, and an ambiguity created solely by punctuation should be disregarded. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574 (136 SW2d 800, 127 ALR 1217). The instrument as a whole indicates a clear intent

to lease vehicles to customers who pay as rent a fixed charge plus a mileage charge. The monthly depreciation rate is stated in the payment schedule, as well as the original value. Every other termination provision in the agreement is based on the proposition that the lessor will receive the remaining undepreciated value of the vehicle at that time. Nothing suggests any rational explanation for interpretation as contended by the lessee that the lessor intended for notice and purchase if vehicles were returned singly but might yet allow the entire fleet to be returned at one time without purchase and also without notice of intention to terminate. The construction of the contract contended for by Avis is the only reasonable construction which will uphold the instrument as a whole, and it must therefore be given effect. *Brown v. Chrysler Corp.*, 112 Ga. App. 22 (143 SE2d 575).

2. The construction and legal effect of an unambiguous written contract is for determination by the court and not the jury. *Code* § 20-701; *Holt v. Clairmont Development Co.*, 222 Ga. 598 (1) (151 SE2d 151). Accordingly, except as to paragraph 7 (d) of the petition which is removed from consideration here by the stipulation of the parties, the trial court erred in overruling the plaintiff's motion for summary judgment.

*Judgment affirmed in Case No. 44035; reversed in Case No. 44036. Jordan, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 6, 1968—DECIDED DECEMBER 2, 1968— REHEARING DENIED DECEMBER 17, 1968—

*Kaler, Karesh & Rubin, Paul M. McLarty, Jr., Heyman & Sizemore, Joseph Lefkoff*, for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, R. Lawrence Ashe, Jr.*, for appellee.