## 28458. CARSELLO v. TOUCHTON.

JORDAN, Justice. This is an appeal from a judgment of Lowndes Superior Court in which the court granted appellee Touchton's motion for summary judgment and ordered specific performance of a contract for the sale of land.

In order to fully understand the basis for this suit it is necessary to briefly trace the history of the property in question. On June 7, 1958, Jerry Touchton commenced business under the trade name of the Shangri-La Package Store. The business was operated by Touchton pursuant to a lease agreement between Touchton and the then owners of said premises. In April, 1960, the Shangri-La Package Store and all the furniture, fixtures, and equipment located therein were purchased by the appellant Mike Carsello, and in May of 1960, Carsello sold and conveyed to Touchton a one-half undivided interest in all of said property, both real and personal. From May, 1960, until November of 1968, Touchton had the entire use and occupancy of all of the property, both real and personal, by virtue of his one-half undivided interest therein and a lease to him by Carsello of his half interest in said property. In 1968, a controversy arose between Carsello and Touchton with regard to their respective tax liabilities on said properties and the cost of insuring and maintaining the establishment. In settlement of this controversy on November 30, 1968, Carsello quitclaimed all of his interest in all personal

property at the Shangri-La Drive-In Restaurant & Package Store (including all furniture, fixtures, airconditioning, and heating units, and the kitchen, restaurant and bar equipment). The parties then signed a new lease in which Carsello leased to Touchton a one-half interest in the real property only. The lease signed in November of 1968 specifically acknowledged Touchton's right to remove from the premises all items of personal property, including the airconditioning and heating equipment.

After another dispute, Carsello on May 9, 1973, dispatched a letter to Touchton, said letter containing the following language: "Pursuant to our conversation of this morning concerning the proposal to buy or sell our respective interests in the above property, I am hereby making the following proposal as a mutual agreement to terminate our *joint ownership* of said property. [Emphasis supplied.]

"I will either buy your interest in the property or I will sell my interest to you in *same* for $37,000, taxes to be prorated at the time of sale." After making the buy or sell offer, Carsello ended the letter as follows: "In the event you do not agree to either buy or sell under the terms of the above proposal, I am hereby serving notice to you of my intent to petition the Superior Court of Lowndes County for a partition of our jointly owned property pursuant to applicable laws of the State of Georgia." On May 14, 1973, Touchton answered Carsello's letter and accepted his offer in the following language: "I hereby accept the proposal made by your letter of May 9 to purchase my interest in the Shangri-La Package Store property at a purchase price of $37,000, with taxes for this year to be prorated at the time of sale." Touchton then went on in the letter to say that it would take an extra month to dispose of his stock in trade (whiskey) and vacate the premises.

On advice of his attorney, Touchton began the removal of the furniture, fixtures and equipment located on the premises. On May 17, 1973, Carsello dispatched a letter to Touchton in which he sought to remind Touchton that the property covered under the contract included all fixtures, equipment, and furniture. Touchton then responded, through his attorney, reminding Carsello of the 1968 quitclaim deed he had signed, in which he had quitclaimed all interest to said property and sent a check for the June rent owed by Touchton.

On June 29, 1973, Touchton tendered a conveyance by way of a warranty deed to all of his interest in the real property, which

conveyance was refused by Carsello. Carsello then filed an action in the Lowndes Superior Court, seeking a construction of the contract and a declaration that it was effective with respect to all of the contents of said premises except Touchton's stock in trade and seeking performance of said contract thus construed. Touchton filed his answer and counterclaim seeking specific performance of the contract with reference to the real property only, and the recovery of the $37,000 purchase price with interest from the date he tendered the warranty deed.

Both parties filed motions for summary judgment and after a hearing on the motions, the trial court granted Touchton's motion for summary judgment and ordered specific performance of the contract, applying said contract to the jointly-owned real property only. It is from this ruling that Carsello appeals. *Held:*

1. The appellant now contends that the contract involved herein is ambiguous and that this ambiguity requires that it be submitted to a jury in order to determine the true intentions of the parties. This contention is not meritorious.

Prior to the trial court's ruling on the motions for summary judgment the parties stipulated to the court that "the contract involved is plain and definite." When a contract is plain and definite the construction of said contract is a matter of law to be submitted to the court for construction. Code § 20-701; *Early v. Kent,* 215 Ga. 49 (108 SE2d 708); *Mutual Life Ins. Co. v. Davis,* 79 Ga. App. 336 (1c) (53 SE2d 571).

The paramount factor to consider in the interpretation of a contract is the true intention of the parties involved, and if that intention is clear, and it violates no established rule of law, it will be enforced, if sufficient words are utilized to express said intention. This is true "irrespective of all technical or arbitrary rules of construction." Code § 20-702; *Valdosta Plywoods v. Belote,* 75 Ga. App. 616, 619 (44 SE2d 128); *C. V. Hill & Co. v. Weinberg,* 67 Ga. App. 44 (19 SE2d 430).

With respect to their interests in the subject property prior to the offering and accepting letters, the parties to this action stipulated to the court the following: "(a) Plaintiff owns a one-half undivided interest in the real estate located at 2031 North Ashley Street, Valdosta, Georgia, upon which is located the Shangri-La Package Store Building; (b) Defendant owns the other one-half undivided interest in and to said real estate and owns the entire title and interest in and to all the furniture, fixtures, heating and cooling units, kitchen, restaurant and bar

equipment located in said premises."

It appears to us that the language contained in appellant's offering letter of May 9, 1973, expresses a clear intent to limit the contract to the parties' jointly owned property only. The appellant made the proposal in order "to terminate our joint ownership of said property." This construction of the contract is further strengthened by the language in the conclusion of appellant's offering letter where he states his intention to "petition the Superior Court of Lowndes County for a partition of our jointly owned property" if his proposal was not agreed upon. The parties stipulated that prior to appellant's letter, each owned a one-half undivided interest in the real property, but that appellee had sole title to all of the furniture, fixtures, and other equipment located in the building. A careful study of the inventory of items owned exclusively by appellee shows that they are of substantial value. The fact that appellant offered to sell his interest (consisting of one-half undivided interest in the real property only) for $37,000 or buy appellee's interest (consisting of the other one-half interest in the real property plus sole title to all furniture, fixtures, etc.) for $37,000, lends credence to the interpretation that the buy or sell offer referred only to the jointly owned property. To hold any other way would be to misconstrue the plain intentions of the parties as expressed in the wording of the binding agreement.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 3, 1973 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*Bennett, Saliba & Wisenbaker, Reginald C. Wisenbaker,* for appellant.

*Tillman, Brice, McTier & Coleman, B. Lamar Tillman,* for appellee.