## 61835. PHARR v. BURNETTE.

DEEN, Presiding Judge.

1. "A landlord is bound to keep in repair the premises which he has leased, unless the contract of lease contains a stipulation to the contrary." *Desverges v. Marchant,* 18 Ga. App. 248 (1) (89 SE 221) (1916). "[A]ny upkeep, including, if necessary, an entire replacement of a component part of a building upon the rented premises — as, for instance, a furnace — which is necessary to the preservation of the premises in their entirety in the same condition as to tenantability as they were at the time of the execution of the lease, is a repair." *Bell House v. Wilkins,* 34 Ga. App. 285 (2) (129 SE 797) (1925). And where there is a lease provision that at the termination thereof the lessee shall surrender the premises in the same condition as at the commencement of the term, natural wear and tear excepted, the lessor is not usually entitled to replacement of an old structure without deduction for depreciation. *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99, 102 (179 SE2d 552) (1970).

2. Where the only lease provisions relevant to repairs are: "Lessee accepts premises in their present condition and as suited for the use intended by Lessee. Lessor shall be responsible for maintenance of the walls and roof of premises and the parking lot," and where the lease further provides for return of the property in its present condition, normal wear and tear excepted, and stipulates that it contains the entire agreement between the parties, it is clear that the only agreement as to repairs to the interior of the building relate to the condition in which it is to be left by the lessee at the end of the lease period.

3. We need not deal with the contention of the lessee that the lease provision that lessor "shall be responsible for maintenance of the walls and roof" means, upon application of the rule of inclusio unius exclusio ulterius, that he is not to be responsible for any interior repairs. The parties to the lease agreed between themselves, when it became evident that the heating-air conditioning system of the building required extensive repairs, that repairs would be contracted for by the lessor and the lessee would pay 50 percent of the cost. The named lessee, Ralph P. Pharr, was using the premises as a grocery business run by himself and his son, the defendant J. L. Pharr. The lessor agreed to accept a promissory note for the lessee's share of the repairs provided it was signed by both members of the firm. An agreement to that effect was entered into, the note was executed, and it was co-signed by both parties. Thereafter Ralph P. Pharr became bankrupt, J. L. Pharr refused to pay on demand, and this action was brought.

4. "An allegation that a defendant is sued as indorser of a promissory note, but that he received no independent consideration, is equivalent to an averment that he is an accommodation indorser or surety. *Baggs. v. Funderburke,* 11 Ga. App. 173 (3) (74 SE 937). A surety cannot defeat liability by proving merely that he received no monetary consideration; he would have to show that his principal did not receive any consideration or benefit from the paper sued on. *Tennille Banking Co. v. Ward,* 29 Ga. App. 660 (1) (a) (116 SE 347)." *Jackson v. First Bank of Clayton County,* 150 Ga. App. 182, 185 (256 SE2d 923) (1979). The defendant's contention that he should not be held liable on the note which he co-signed because his father is shown as the sole lessee of the premises on which they ran their grocery business is without merit. It is unimportant whether the defendant, who signed as a principal, was in fact an accommodation party.

5. The appellee's motion for damages under Code § 6-1801 is denied.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED MAY 5, 1981.

*Lynn W. Wilson,* for appellant.
*Norman Smith,* for appellee.

CARLEY, Judge, concurring specially.

While I concur in the result reached by the majority, I do so for a reason different from that set forth in the majority opinion. The sole contention of the appellant in this case is that he, as guarantor, should not be liable for the amount which the lessee agreed to pay appellee because there was no consideration supporting the lessee's agreement. The basis for appellant's argument is that the obligation to pay said sum is, as a matter of law, imposed upon appellee-lessor. Appellant's position is without merit because "where parties enter into an agreement, compromising and settling a claim about which there is a bona fide dispute, they are bound by such agreement *even though it thereafter appears that the contentions of one of them [were] without foundation in law.*" (Emphasis supplied.) *Hume v. Davison-Paxon Co.,* 57 Ga. App. 289, 292 (195 SE 318) (1938).