A90A2332, A90A2333. TOUCHET v. HOLLY ISLES ESTATES; and vice versa.
(402 SE2d 317)

BANKE, Presiding Judge.

Touchet sued Holly Isles Estates to recover for injuries allegedly sustained as the result of a fire which occurred in a restaurant leased to her by Holly Isles. The complaint alleged that subsequent to the effective date of the lease, the plaintiff had notified the defendant of certain "breaker problems with the electrical and air conditioning unit[s]," and that the appellant's injuries had proximately resulted from the defendant's negligence in failing to correct those problems. The case was tried before a jury, which rendered a verdict in favor of the defendant landlord. The plaintiff has appealed from the judgment entered on that verdict, and the defendant has cross-appealed, enumerating as error the denial of its motion for a directed verdict.

The lease agreement provided that the landlord was to be "responsible for the roof and exterior walls, with [the tenant] being responsible for all other maintenance." The plaintiff testified that she encountered the fire in the women's rest room upon returning to the premises one night after business hours. The plaintiff called as a witness an electrician who testified that he had inspected the premises after the fire and had observed that certain electrical wires in the area of the rest room were "tear dropped," indicating that they had short-circuited. However, this witness, who had no training in fire investigation, was unable to state whether the fire had resulted from an electrical shortage.

An investigator from the office of the state fire marshal testified that he had detected the odor of an accelerant in the rest room upon inspecting the premises after the fire and had observed a "pour burn pattern" on the floor, indicating that a flammable liquid had been ignited there. In addition, a plastic gallon jug was retrieved from the burned premises which was shown to have contained paint thinner.

The investigator testified that in his opinion the fire was of an incendiary origin and had not resulted from an electrical shortage. *Held*:

1. The court did not err in refusing to instruct the jury regarding the general duty of a landlord to make repairs, since there was a specific lease provision covering this subject. See *Pharr v. Burnette*, 158 Ga. App. 473 (1) (280 SE2d 881) (1981). Nor did the court err in failing to give the plaintiff's requested charge regarding the landlord's liability for physical harm to the tenant resulting from dangerous conditions existing on the premises, inasmuch as the charge given by the court covered the principles in question in language which was actually more favorable to the plaintiff than the language of the requested charge. See generally *Spicewood, Inc. v. Dykes Paving &c. Co.*, 185 Ga. App. 397 (4) (364 SE2d 298) (1987).

2. Any error in the charge relating to calculation of damages was harmless since "the jury exonerat[ed] the defendant." *Minter v. Leary*, 181 Ga. App. 801 (1) (354 SE2d 185) (1987).

3. Our review of the other charges objected to by the plaintiff reveals that they were correct statements of law and were properly adjusted to the evidence. See generally *YMCA v. Bailey*, 112 Ga. App. 684 (14) (146 SE2d 324) (1965); *International Indus. v. Dantone*, 147 Ga. App. 247 (248 SE2d 530) (1978).

4. The evidence did not demand a verdict in favor of the plaintiff. "On appeal an appellate court is bound to construe the evidence in support of the verdict and judgment, and if there is some evidence to support the verdict we will uphold the judgment." *Locke v. Vonalt*, 189 Ga. App. 783 (1) (377 SE2d 696) (1989). The jury was clearly authorized to conclude from the evidence in this case that the fire had not resulted from any act or omission on the part of the defendant landlord.

5. The issues raised in the cross-appeal are rendered moot by the foregoing.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided February 11, 1991.

Loftiss, Van Heiningen & Ward, J. Patrick Ward, William M. Shingler, Sr., for appellant.

Alexander & Vann, William C. Sanders, for appellee.