39581.   STATE HIGHWAY DEPARTMENT v. WILLIS et al.

Decided November 5, 1962.

*Eugene Cook, Attorney General, Carter Goode, Paul Miller, E. J. Summerour, Assistant Attorneys General, William J. Gibbons, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall*, for plaintiff in error.

*Hugh D. Wright, Robert R. Forrester*, contra.

FRANKUM, Judge. ■ "Refusal to allow counsel to put a certain question to a witness on direct examination can not be held to be error where it does not appear that the expected answer was disclosed to the trial judge." *Gilpin v. State Highway Bd.*, 39 Ga. App. 238, supra; *Rome Builders Supply, Inc. v. Rome Kraft Co.*, 104 Ga. App. 488 (2), supra. Therefore, special ground 1 of the motion for new trial is without merit.

■ Special ground 2 complains that the court committed error "Because the court refused to allow Lawrence G. Rowell, a witness for the plaintiff, while on cross-examination, and who on direct examination and cross-examination had previously testified that the land in controversy before it was taken was worth $6,975, to answer the following question by counsel for condemnee on cross-examination: 'Q. What do you base that on, Mr. Witness?' Whereupon the witness proceeded to answer as follows: 'A. Mr. Wright, for me to tell you what I base it on it would be necessary for me to go into these six similar sales. A correlation of value and adjustments . . .' Whereupon counsel for the condemnee, who asked the question, interposed the following objection: 'If it please the court, it's not necessary for him to go into similar sales. He can answer the question how he arrived at $6,975 for the total tract.' The court sustained the objection and refused to let the witness go into the values of similar tracts, information of which was derived from others on the grounds that it was hearsay."

The condemnor contends that the court should have allowed the witness to answer the question, and that counsel for the condemnee had no right to object to the witness answering the question propounded by him. However, the question is not properly presented since it nowhere appears that the condemnor

protested the court's ruling or insisted that the witness should be allowed to answer the question after the condemnee's counsel interposed this objection. From the motion it appears that the condemnor acquiesced in the court's ruling and allowed it to go unchallenged, and failed to insist that the witness should be allowed to answer the question. If counsel for condemnor felt that his client's case was being prejudiced, he should have informed the court of his desire that the witness be allowed to answer the question. See *Jackson v. Howell,* 59 Ga. App. 444 (1 SE2d 209); *Howard v. Montezuma Fertilizer Co.,* 34 Ga. App. 411 (130 SE 72); *Moore v. McAfee,* 151 Ga. 270 (106 SE 274). As stated in *Childs v. Ponder,* 117 Ga. 553, 554 (43 SE 986): "Parties can not take their chances for a favorable verdict, and then, the result being unsatisfactory, ask that a new trial be granted because of irregularities, . . . which they have passed over in silence during the progress of the trial." This ground is without merit.

■ In special ground 5 of the motion movant contends that the court limited its right to cross-examine a witness who, on direct examination, had given an opinion as to the value of the land condemned. Movant contends that this was done when the court sustained an objection by the condemnee's counsel and prohibited the condemnor from cross-examining the witness regarding a report "1960 Census of Agriculture" prepared by the U. S. Department of Commerce, Bureau of Census, which contained tabulations concerning the value of farms in Cook County. We do not agree.

This question is controlled by the principles announced in the following cases. "Books of science and art are not admissible in evidence to prove the opinions of experts announced therein." *Johnston v. Richmond &c. R. Co.,* 95 Ga. 685 (2) (22 SE 694). See *Cook v. Coffey,* 103 Ga. 384 (30 SE 27). "But, notwithstanding the inadmissibility of the books, the opinions contained therein may come to the jury through the mouth of an expert witness." *Boswell v. State,* 114 Ga. 40, 43 (39 SE 897). "An expert witness may testify to opinions of his own derived from books" (*Thompson v. Ammons,* 160 Ga. 886 (4) 129 SE 539), but the opinions must be his own and not the opinions of the

authors of the books, although his opinions may coincide with those expressed in the books. Cf. *Mayor &c. of Jackson v. Boone,* 93 Ga. 662 (20 SE 46), and *Thompson v. Ammons,* 160 Ga. 886, supra.

While it has been held that an expert witness may be cross-examined by reference to a standard treatise in the field of the expert's special knowledge to test his credibility, we are of the opinion that an expert cannot be cross-examined upon a treatise which has not been proved to be a standard treatise on the subject. See 32 CJS 428, Evidence, § 574; Green, Ga. Law of Evidence, § 111.

The special ground of the motion which raises this question fails to show that the report which the condemnor wished to use in cross-examining the witness was a reputable, standard treatise on the subject upon which the witness was offered as an expert. The ground shows no reversible error.

■ Special grounds 6 and 7 of the motion contend that the court erred in admitting certain evidence over the objection of condemnor to show the consideration paid for certain real property other than the property in question. The basis of the objection is that there was no foundation laid to show the property other than the property being condemned was similar to the land condemned. See *Alabama Power Co. v. Chandler,* 217 Ga. 550 (123 SE2d 767) ; *Flemister v. Central Ga. Power Co.,* 140 Ga. 511, supra. However, we find from the record that there was evidence to show such land to be similar to the land condemned. The court did not err in admitting the evidence complained of in these special grounds.

5. The general grounds and special grounds 3 and 8 of the motion have been specifically abandoned by the condemnor. Special ground 4 of the motion is without merit. The court did not err in overruling the amended motion for new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*