*Thomas S. Gray, Jr.,* for appellees.

## 64253. HAYNES v. HOFFMAN.

SHULMAN, Presiding Judge.

Appellant brought this medical malpractice action against appellee for his alleged negligence in prescribing Butazolidin, to which appellant allegedly suffered an allergic reaction. The case was tried before a jury, which returned a general verdict in favor of appellee. Appellant has timely appealed from the judgment rendered on that verdict.

The facts adduced at trial showed that appellant was referred to appellee, an orthopedic surgeon, by her family physician for treatment of persistent pain in her wrist. Appellee initially examined appellant on November 14, 1974. He testified that during this examination he specifically asked appellant whether she had any allergies and that her response was "no." Appellant denied any such inquiry by appellee. Based upon this initial examination, appellee gave appellant a two-week prescription of Butazolidin. Appellant subsequently developed Stevens-Johnson syndrome, which may have been caused by an allergic reaction to the Butazolidin. Appellee testified that a second history was taken from appellant upon her admission to the hospital for treatment of her Stevens-Johnson syndrome and that she reported on this occasion a long history of allergies to numerous medications and contact substances. He further testified that he would not have prescribed Butazolidin if he had known of her history of allergies.

1. The only enumeration of error contends that the trial court erred in failing to grant appellant's motion for new trial. Appellant then proceeds to challenge in her brief two specific jury instructions given by the trial court. "We do not condone this method of seeking a review as to the alleged errors committed. Code Ann. § 6-810 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243; 1968, pp. 1072, 1077) requires the various enumerations relied upon be set out separately. Thus matter raised in the brief will not be considered when the issue was not enumerated as error. [Cits.] Each enumeration should be concise. A mere general enumeration to the denial of a . . . motion for new trial is insufficient. However, we have examined the various arguments found in [appellant's] brief and find no reversible error." *Dean v. State,* 163 Ga. App. 29 (293 SE2d 492).

2. Appellant first challenges the judgment on the ground that the trial court improperly instructed the jury as follows: "I charge you that under the law of this state that a patient for his or her own safety

must exercise ordinary care to give an accurate history to his or her treating physician. If a patient is aware that the physician is unaware of some aspect of the patient's medical history which may involve risk of harm to the patient, then ordinary care requires that the patient volunteer this additional information to the treating physician. Now, if the patient fails to make such a disclosure, he or she may be deemed to have voluntarily and unreasonably encountered a known risk." Appellant challenges the charge on the basis of this court's holding in *Hawkins v. Greenberg,* 159 Ga. App. 302 (2) (283 SE2d 301), which involved facts and jury instructions dissimilar to those in the present case. Since one judge concurred only in the judgment in *Hawkins,* the case is not a binding precedent before this court. Code Ann. § 24-3635.

The charge as given by the court does not require reversal. The record contains evidence from which the jury could have concluded that appellant did not disclose to appellee all known information concerning her history of allergies. Such nondisclosure of relevant information may constitute contributory negligence on the part of the patient. Code Ann. § 105-603. See, e.g., Mackey v. Greenview Hospital, Inc., —— Ky. App. —— (587 SW2d 249). The evidence did not, however, warrant a charge on assumption of the risk. "[T]he doctrine of the assumption of the risk of danger applies only where the plaintiff, with a full appreciation of the danger involved and without restriction from his freedom of choice either by the circumstances or by coercion, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has assumed all risk of injury." *Myers v. Boleman,* 151 Ga. App. 506, 509 (260 SE2d 359). We find no evidence in the record of this case that would support a finding that appellant fully appreciated all risk of injury that could flow from any inaccurate disclosure of her medical history. Consequently, the charge as given was objectionable to the extent it stated that "he or she may be deemed to have voluntarily and unreasonably encountered a known risk."

However, the error in the charge does not constitute reversible error. "[I]f it can be determined that the point at issue was presented in substantially . . . clear and understandable a manner . . . keeping in mind that a jury is a lay audience, there should be no reversal where the language conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation." *Evans v. DeKalb County Hosp. Auth.,* 154 Ga. App. 17, 20 (267 SE2d 319). The charge correctly informed the jury that a patient must exercise ordinary care for her own safety and give an accurate history to the physician. The charge is not and does not purport to be a complete charge on assumption of the risk, and in this regard is considerably different from the assumption charge in *Hawkins,* supra, p. 307.

While it would have been preferable if the objectionable language had been deleted or reframed, the charge as a whole cannot reasonably be said to have misled the jury as to the appropriate principle of law applicable to the case. See *Blount v. Moore,* 159 Ga. App. 80, 83 (282 SE2d 720). Consequently, we find no reversible error in the giving of this charge.

3. Appellant also challenges in her brief the following charge given by the trial court: "I charge you that in a medical malpractice action, a defendant cannot be found negligent on the basis of an assessment of a patient's condition which only later, or in hindsight, proved to be incorrect, as long as the initial assessment was made in accordance with the then reasonable standards of medical care. In other words . . . the concept of negligence does not encompass hindsight. In other words, negligence consists in not foreseeing and guarding against that which is probable and likely to happen, not against that which is only remotely and slightly possible." This charge is a correct statement of law in negligence actions and was proper under the facts of the present case. See *Ramsey v. Mercer,* 142 Ga. App. 827, 829 (237 SE2d 450); *Seagraves v. ABCO Mfg. Co.,* 118 Ga. App. 414, 419 (164 SE2d 242). Appellant challenges the charge as being "prejudicial and harmful, in that it seeks to absolve appellee of liability under the circumstances by direction in saying that the pertinent history elicited [subsequent to the alleged allergic reaction] cannot be considered by the jury in determining whether or not appropriate care was rendered at the time the drug Butazolidin was prescribed nearly a month earlier." The charge on its face neither absolves appellee nor misdirects the jury; it merely correctly instructs the jury on foreseeability. Consequently, the trial court did not err in so instructing the jury.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 18, 1982 —
REHEARING DENIED NOVEMBER 2, 1982.

*Robert John White,* for appellant.
*Michael T. Bennett, Sidney F. Wheeler,* for appellee.