75913, 75914. KOPPAR CORPORATION v. ROBERTSON et al.;
and vice versa.
(368 SE2d 807)

SOGNIER, Judge.

Jerry Lee and Christa M. Robertson filed an action against Koppar Corporation alleging breach of warranty, fraud and misrepresentation in the sale of a house and lot to them, in that the location of a Georgia Power easement situated on the property was incorrectly represented to them. The trial court granted Koppar's motion for a di-

rected verdict as to fraud, and the jury returned a verdict in favor of the Robertsons in the amount of $13,737 for diminution in value of the property, plus survey expenses and reasonable attorney fees to be determined by the court. Judgment was entered thereon, with the court awarding $7,088.50 in attorney fees. Koppar's motion for new trial was denied, and all parties appeal.

The record reveals that at the closing, the Robertsons were given a warranty deed which incorporated by reference a plat of the property recorded in the Clayton County Superior Court records at Book 17, Page 117. However, the copy of the plat which Koppar provided to the Robertsons at closing (marked Book 17 Page 117) was not, in actuality, a copy of the plat recorded in the Clayton County Superior Court records. Rather, the plat provided by Koppar at closing showed the easement as being located approximately 50 feet behind the house, whereas the recorded plat makes clear that the easement is actually located less than 20 feet from the house.

1. In the main appeal, Koppar contends the trial court erred by instructing the jury extensively on the issue of fraud, despite having removed that issue from the jury's consideration by granting Koppar's motion for a directed verdict. The Robertsons argue that it is not clear that the trial court granted the directed verdict as to *fraud*, rather than only as to punitive damages. However, the record does not support the Robertsons' argument on this point. Originally, the trial court announced that "the motion concerning punitive damages, fraud — based on fraud is granted. The case proceeds as any other controversy concerning damage to real estate would proceed." After that announcement, counsel for the Robertsons requested clarification, and asked the court whether he was "to understand the Court that . . . the Court is granting the motion for directed verdict on all issue[s] of fraud and misrepresentation," to which the Court replied "[y]es, there is no evidence of fraud or misrepresentation." Thus, we cannot agree with the Robertsons that the trial court did not grant the directed verdict as to fraud.

We do not agree with the Robertsons' second argument that Koppar is barred from raising as error in this court the trial court's numerous and extensive charges on fraud because Koppar did not properly object to these charges below. Failure to object to a charge at the charge conference does not preclude a party from objecting to the charge when it is given. *Turner v. Malone*, 176 Ga. App. 132, 134 (4) (335 SE2d 404) (1985). See also OCGA § 5-5-24 (a). The court informed the parties that it would give all charges requested by the Robertsons with the exception of "the punitive damages charges." We agree with Koppar that since the trial court had previously granted its motion for a directed verdict as to fraud, and since charges concerning fraud might naturally be taken to mean "punitive damages

charges," Koppar need not have anticipated that the trial court would instruct the jury as to fraud. When the charge given by the trial court did include numerous references to fraud, its elements and its consequences, Koppar made specific objection at that time. We find this objection sufficient and timely.

Turning to the merits of Koppar's enumeration of error, the record reveals that the trial court removed the issue of fraud from the jury because of its finding that the evidence was insufficient to allow the jury to consider it (see Division 4, infra), yet the trial court's charge on fraud squarely presented that issue for jury determination. We cannot say that charging the jury concerning fraud did not confuse them as to whether the issue of fraud was to be considered by them. " 'A charge which injects into the case and submits for the jury's consideration issues not made by the pleadings or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the defendant, and is error requiring the grant of a new trial.' [Cit.]" *Myers v. Johnson*, 113 Ga. App. 648, 653 (5) (149 SE2d 378) (1966). Accordingly, the trial court's denial of appellant's motion for a new trial is reversed, and this case is remanded to the trial court for a new trial. See *Jones v. Davis*, 183 Ga. App. 401, 403 (1) (359 SE2d 187) (1987).

2. Since we are reversing and remanding the jury issues for a new trial, the award of attorney fees as to those issues must necessarily fall as well, and hence we need not consider Koppar's enumeration concerning attorney fees.

3. In the cross-appeal, the Robertsons first maintain the trial court erred by granting Koppar's motion for a directed verdict because the motion was not properly made and no specific ground was stated. The record reveals that at the close of the Robertsons' evidence, the court asked if there was anything further from them, and received a negative reply. The court then asked if Koppar had anything further, and it responded: "[y]es, sir, we have a motion . . . . And, it's on the issue of punitive damages and fraud. And, again, we went through this at pre-trial, but if the Court will —." At this point Koppar's counsel was interrupted by the court, and was thus prevented from identifying precisely the nature of his motion. However, the specific grounds were well covered, and the transcribed colloquy between the trial court and counsel for both parties leaves no doubt that the court and the parties knew what the motion was. As indicated in Division 1 of this opinion, clarification was specifically asked for and received by the Robertsons' counsel, removing any doubt which may nevertheless have been present. We have found no case, nor have the Robertsons cited us to any, in which a motion for directed verdict has been reversed or even discussed for such formal imperfections. In light of the fact that the parties obviously were

aware of the grounds for the motion, and discussed those grounds thoroughly, we refuse to elevate form over substance, and find no error in this procedure. See generally *Norair Engineering Corp. v. St. Joseph's Hosp.*, 163 Ga. App. 167, 168 (2) (290 SE2d 145) (1982).

4. In the remaining enumerations of error in the cross-appeal, the Robertsons challenge the trial court's grant of a directed verdict to Koppar on the issue of fraud (or, as the Robertsons frame the issue, as to punitive damages) and failure to charge the jury as to punitive damages. We affirm the trial court's direction of a verdict on this issue. " ' "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]" [Cit.]' [Cit.]" *Hall v. Rome Auto. Co.*, 181 Ga. App. 621, 622 (1) (353 SE2d 542) (1987). Koppar's president steadfastly denied that he knew the plat given to the Robertsons at closing was erroneous in its depiction of the easement, and at the close of the Robertsons' evidence, no evidence had been presented indicating knowledge on the part of Koppar or any of its agents that any representations made to the Robertsons were false.

"Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. [Cits.] Here, there is no conflict in the evidence that [Koppar and its agents] did not know at the time the representations were made that any of them were false. Thus, the verdict on the issue of fraud was demanded for the movant, [Koppar], and the trial court correctly directed the verdict in [Koppar's] favor. [Cit.]" Id.

Having properly removed the issue of fraud from the jury's consideration, the remaining counts of the Robertsons' complaint sounded in contract, making punitive damages unrecoverable. *Builders Transport v. Hall*, 183 Ga. App. 812, 816 (3) (360 SE2d 60) (1987). Accordingly, there was no error in failing to charge the jury as to punitive damages.

*Judgment affirmed in Case No. 75914. Judgment reversed. in Case No. 75913. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 18, 1988.

*Donald O. Nelson*, for appellant.

*Anthony L. Harrison*, for appellees.