A89A1416. ANGLIN et al. v. GRISAMORE et al.

(386 SE2d 52)

BANKE, Presiding Judge.

The appellants, Mr. and Mrs. Earl Anglin, brought this medical malpractice action against the appellees, Dr. Jennings Grisamore and his professional corporation, seeking to recover for the doctor's alleged negligence in deciding to perform a gastroplasty operation upon Mrs. Anglin. A gastroplasty is a surgical procedure by which the size of the stomach is reduced to promote loss of weight. The appellants did not contend at trial that the actual performance of the operation by Dr. Grisamore was in any way deficient or negligent but sought to prove that he had failed to perform adequate pre-operative medical and psychological screening on Mrs. Anglin to determine whether she was an appropriate candidate for the surgery. They contend that had such screening been performed, it would have revealed that Mrs. Anglin lacked the capacity to alter her eating habits post operatively in such a manner as to enable herself to benefit from the surgery. The jury returned a verdict in favor of Dr. Grisamore. The appellants' sole contention on appeal is that the trial court erred in charging on comparative negligence. *Held*:

1. It is apparent without dispute that the reason the surgery was unsuccessful as a remedy for Mrs. Anglin's obesity was because of her inability or unwillingness to restrict her diet post operatively in accordance with the instructions given to her. There is no contention that the necessity of adhering to these dietary restrictions was not made known to Mrs. Anglin prior to the surgery. In *McMullen v. Vaughan*, 138 Ga. App. 718 (2) (227 SE2d 440) (1976), this court held that a charge on comparative negligence was authorized in a medical malpractice action by evidence that the patient had failed to perform certain prescribed post-operative physical therapy exercises which would have minimized the disabling effects of a nerve injury inflicted during surgery on his shoulder. Accord *Seay v. Urban Med. Hosp.*, 172 Ga. App. 344, 347 (323 SE2d 190) (1984). The facts in the present action present a stronger case for a comparative negligence charge than did the facts in *McMullen*.

The appellants contend that the holding in *McMullen* should not be applied to the present case because their claim is based not on

events which occurred during the surgery but on Dr. Grisamore's failure to ascertain prior to the surgery that Mrs. Anglin would be unable to adhere to the post-operative dietary conduct required of her. However, there is no suggestion that Mrs. Anglin was laboring under any legal disability which would have relieved her of responsibility for her own actions and decisions. If she was psychologically and emotionally unprepared to enable her eating habits post operatively in such a manner as to alter the surgery to be successful, she certainly must share at least some of the blame for not realizing this ahead of time. There was no "informed consent" doctrine in Georgia at the time the surgery was performed, and Dr. Grisamore was accordingly required only to disclose the general terms of the treatment. See *McMullen v. Vaughan*, supra, 138 Ga. App. at 721. See also OCGA § 31-9-6 (d); *Robinson v. Parrish*, 251 Ga. 496, 497 (306 SE2d 922) (1983). There has been no suggestion that he failed to do this, nor has there been any suggestion that he made any misrepresentation to Mrs. Anglin regarding what would be required of her after the surgery. Thus, there was simply no basis upon which he could have been held liable for her decision to undergo the surgery. Accord *Hooker v. Headley*, 192 Ga. App. 629 (__ SE2d __) (1989).

2. It appearing to this court that there was no basis upon which reversal of the judgment below might reasonably have been anticipated, a penalty of $500 is hereby assessed against the appellants pursuant to Rule 26 (b) of this court for filing a frivolous appeal. The trial court is directed to enter judgment in favor of the appellees in this amount upon the return of the remittitur in the case.

*Judgment affirmed with direction. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Blank & LaChance, A. Russell Blank*, for appellants.
*Hart & Sullivan, Michael G. Frick, Alexander H. Booth*, for appellees.