A89A2312. McCOY v. ALVISTA CARE HOME, INC.
(391 SE2d 419)

SOGNIER, Judge.

Connie McCoy, administratrix of the estate of Dera Thaxton Bryan, brought suit against Alvista Care Home, Inc., an intermediate health care facility, to recover for the wrongful death of Bryan. Judgment was entered on the jury's verdict for Alvista, and McCoy appeals from the denial of her motion for new trial, enumerating as error the trial court's charge to the jury on hindsight.

The evidence adduced at trial disclosed that Bryan was admitted to appellee's facility on October 18, 1985. Bryan, who was seventy-eight years old at the time, was suffering from senile dementia, arteriosclerosis, and the effects of a stroke, which left her confused and disoriented. On at least one occasion, she had wandered away from home and gotten lost. After being admitted to appellee's facility, she remained confused and disoriented, and frequently left the facility when she was not restrained. Recognizing her tendency to wander away, appellee prepared a health care plan calling for drug therapy to control agitation, physical restraint with appropriate medical devices, and close supervision and monitoring when she was not restrained.

On April 9, 1986, Laura Edwards, the registered nurse in charge of monitoring Bryan's care, decided that because of the sores Bryan had developed as a result of frequent restraint, she should not be restrained that day. Appellee's records revealed that Bryan left the facility at least once during the day, whereupon the staff found her and brought her back inside. When the staff began to serve dinner at 5:30 p.m., they discovered that Bryan again was missing. A search of the area around the building proved fruitless. The remains of Bryan's body were found four months later in a wooded area approximately 1,000 yards from the building.

Two experts engaged by appellant testified at trial that appellee failed to meet the requisite standard of care for Bryan in that she should have been either restrained or closely monitored because of her well documented tendency to wander out of the building, and one of the witnesses found the treatment plan and its implementation inadequate. Appellee's expert witnesses opined that Edwards' decision to release Bryan from restraint was proper, and Edwards testified that appellee provided the requisite degree of care and that she would make the same decision again.

Over objection by appellant, the trial court charged the jury that "in a medical malpractice action a defendant cannot be found negligent on the basis of an assessment of a patient's condition which only later or in hindsight proved to be incorrect as long as the initial assessment was made in accordance with the then reasonable standards of medical care. In other words, the concept of negligence does not encompass hindsight. In other words, negligence consists [of] not foreseeing and guarding against that which is probable and likely to happen not against that which is remotely and slightly possible." Appellant contends that this charge was erroneous because it was not applicable to the facts adduced at trial.

This hindsight charge was approved in *Haynes v. Hoffman*, 164 Ga. App. 236, 238 (3) (296 SE2d 216) (1982), a medical malpractice case in which the issue was whether the defendant physician properly had prescribed a drug to which the plaintiff had suffered a severe allergic reaction. The evidence adduced at the trial revealed that the plaintiff had not disclosed her history of allergies to the defendant, and the defendant testified that he would not have prescribed the drug had he known the plaintiff's complete history. Under those circumstances, this court found the quoted language to be a correct statement of the principle of foreseeability. Similarly, in *Jones v. Finley*, 170 Ga. App. 182, 184 (1) (316 SE2d 533) (1984), recognizing the *Haynes* holding that negligence does not encompass hindsight, we concurred with the grant of summary judgment in a medical malpractice case wherein the expert witnesses disagreed with the diagnosis made by the defendant physicians, but stated that their opinions

were based upon information not available to the defendants at the time they made the diagnosis at issue.

Here, however, we agree with appellant that the challenged charge was improper because her claim was based on appellee's failure to provide the requisite standard of care given the information available to and known by appellee at the time Bryan was admitted. Appellant's contention was that appellee was clearly aware of Bryan's tendency to wander — and indeed had based its treatment plan on this fact — but did not provide the care necessary to avoid Bryan's disappearance. The uncontested evidence showed that appellee was fully aware of Bryan's consistent pattern of wandering, and that Bryan often left appellee's facility. Appellee's defense thus was not based on lack of knowledge, but upon its assertions that its care of Bryan was proper under those circumstances. Therefore, appellant's claim *was* based on appellee's alleged " 'negligence . . . in not foreseeing and guarding against that which is probable and likely to happen,' " *Haynes*, supra at 238 (3), and the charge on hindsight, although correct as an abstract principle of law, was erroneous because it was not supported by the evidence. See *Atlanta Gas Light Co. v. Redding*, 189 Ga. App. 190, 191 (3) (375 SE2d 142) (1988). "A charge which injects into the case and submits for the jury's consideration issues not made by the pleadings or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to [appellant], and is error requiring the grant of a new trial." (Citations and punctuation omitted.) *Koppar Corp. v. Robertson*, 186 Ga. App. 856, 858 (1) (368 SE2d 807) (1988). Accordingly, we reverse the trial court's denial of appellant's motion for new trial. See id.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1990 —
REHEARING DENIED FEBRUARY 21, 1990 — 

*Swearingen, Childs & Philips, Richard A. Childs*, for appellant.
*George R. Neuhauser, Stephanie L. DeBerry*, for appellee.