A90A0400. CARREKER v. HARPER.
(396 SE2d 587)

DEEN, Presiding Judge.

Plaintiff, Carol Carreker, appeals from the jury verdict and judgment entered thereon in favor of defendant Dr. James E. Harper in this medical malpractice case.

1. Plaintiff alleges that defendant was negligent both in failing to diagnose accurately her condition (defendant diagnosed plaintiff as suffering from viral gastroenteritis when in fact she had appendicitis)

and in failing to provide adequate and reasonable follow-up care and instructions. Defendant contends, however, that plaintiff failed to disclose fully all information relevant to her condition at the time he examined her and to exercise ordinary care for her own safety by seeking additional medical care when her condition did not improve and subsequently worsened. It is these actions that, according to defendant, authorized the charges on contributory and comparative negligence. We agree.

The charge of comparative negligence regarding plaintiff's non-disclosure of certain symptoms and medical history was correct. *Hayes v. Hoffman*, 164 Ga. App. 236 (296 SE2d 216) (1982). It was for the jury to determine whether the plaintiff exercised ordinary care for her own protection, and the record provides adequate facts which support the jury's finding of comparative negligence, which was the proximate cause of the damages complained of.

Additionally, the lower court's comparative negligence charge was correct as to the post-diagnosis negligence. The appellant asserts that the evidence does not warrant a charge on comparative negligence. However, in *McMullen v. Vaughan*, 138 Ga. App. 718 (227 SE2d 440) (1976), where the plaintiff's post-operative negligence was ultimately determined to be the cause of his injury, this court held that the doctrine of comparative negligence applies "[w]here the evidence raises an issue of whether negligence by the plaintiff joins with the negligence of the defendant in proximately causing the injury. . . ." Id. at 720. In the case at bar, there was sufficient evidence for the jury to determine that the plaintiff's post-diagnosis conduct barred her recovery. On appellate review, this court must construe the evidence in a manner most favorable to affirming the jury's finding; thus the trial court's decision should be affirmed.

2. Plaintiff next contends that the trial court improperly restricted her cross-examination of the defendant-expert because it refused to allow plaintiff to cross-examine defendant with the use of a medical treatise with which defendant was unfamiliar. "While . . . an expert witness may be cross-examined by reference to a standard treatise in the field of the expert's special knowledge to test his credibility, . . . an expert cannot be cross-examined upon a treatise which has not been proved to be a standard treatise on the subject." *State Highway Dept. v. Willis*, 106 Ga. App. 821, 824 (128 SE2d 351) (1962). Plaintiff contends on appeal that the testimony of her expert demonstrated that the treatise sought to be used was authoritative and thus she was entitled to use the treatise to cross-examine the defendant even if he himself was not familiar with the text. Pretermitting the issue of whether the treatise sought to be used here had been shown to be a standard, reliable treatise, under the facts of this case we find no grounds for reversal. The record shows that following the

trial court's ruling that the plaintiff must first lay a foundation for use of the treatise, counsel responded "Okay, your honor." Counsel then asked defendant two questions concerning his knowledge of the book, and finding he was unfamiliar with the text, abandoned the line of questioning entirely, without invoking a further ruling from the trial court. " 'No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal.' [Cit.]" *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298) (1989). See also *State Highway Dept. v. Willis*, supra at (2).

3. We have considered plaintiff's remaining enumerations of error and find them to be without merit. Specifically, the trial court did not err in refusing to allow plaintiff to cross-examine defendant by using charts of other patients he had treated. Likewise, the trial court did not err in refusing to allow plaintiff to cross-examine the defendant or his expert about the absence at trial of another witness previously identified by defendant as a potential expert witness in his behalf.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Birdsong and Sognier, JJ., concur. Banke, P. J., Pope, Beasley and Cooper, JJ., dissent.*

POPE, Judge, dissenting.

I dissent as to Division 1, but concur fully in Divisions 2 and 3.

Ordinarily, "questions of negligence, diligence, contributory negligence, proximate cause, and *the exercise of ordinary care for one's protection*, . . . are to be decided by a jury." (Citation and punctuation omitted.) *Tisdale v. Johnson*, 177 Ga. App. 487, 488 (339 SE2d 764) (1986). However, in this case I agree with plaintiff that the charges on contributory and comparative negligence were not authorized.

Firstly, I do not believe that plaintiff's alleged failure to disclose certain information about her condition constituted negligence in the case at bar. Distilled to its essence, defendant's argument amounts to but one conclusion, to wit, that plaintiff should have been able either to diagnose herself, or at a minimum, should have been able to determine what was or was not pertinent information concerning her illness. This the law does not require. "[A patient is] under no general duty to diagnose her own condition or to volunteer information." *Mackey v. Greenview Hosp.*, 587 SW2d 249, 255 (Ky. App. 1979), cited in *Hawkins v. Greenberg*, 159 Ga. App. 302, 308-309 (283 SE2d 301) (1981). See also 70 CJS 483, Physicians & Surgeons, § 80 (a). Compare *Haynes v. Hoffman*, 164 Ga. App. 236 (2) (296 SE2d 216) (1982), in which this court held that a patient's failure to disclose *known* drug allergies, after being specifically questioned about allergies by the defendant/doctor, would authorize a charge on contribu-

tory negligence.

Although somewhat more problematic, I also believe that the evidence concerning plaintiff's failure to seek additional medical care care, did not, under the facts of this case, authorize the complained of charges. The evidence presented at trial shows plaintiff was informed she should follow-up with another physician in five or six days or in a shorter period if her symptoms persisted or worsened. Plaintiff was also informed she should "recover completely in 2-3 days" and was advised to be rechecked if she suffered sudden worsening of abdominal pain, dizziness or fainting, persistent vomiting or if blood appeared in vomitus or stool. The record shows that plaintiff's condition did not dramatically worsen until Wednesday, approximately two days after being examined by defendant. At that time plaintiff did seek additional medical care, by calling an ambulance, but decided after talking with emergency medical personnel, who reviewed the instructions given to her by defendant, not to be transported to the hospital at that time. However, approximately five hours later, at 4:45 a.m. on Thursday morning, another ambulance was summoned and plaintiff was transported to the hospital where she was diagnosed as suffering from shock and diffuse peritonitis caused by a ruptured appendix. The record shows, therefore, that plaintiff sought additional medical treatment less than seventy-two hours after being treated by defendant, and that she acted in accordance with the instructions given to her in seeking follow-up medical care.

This case is thus distinguishable from those in which we have held that a charge on contributory negligence was authorized by evidence showing that the plaintiff/patient failed to follow post-treatment or post-operative instructions. For example, in *McMullen v. Vaughn*, 138 Ga. App. 718, 720 (2) (227 SE2d 440) (1976), this court held that a charge on comparative negligence was authorized by evidence showing that plaintiff failed to perform prescribed post-operative exercises. Likewise, in *Anglin v. Grisamore*, 192 Ga. App. 704 (1) (386 SE2d 52) (1989), the evidence showed without dispute that plaintiff did not benefit as intended from the surgical procedure designed to help her lose weight because of her inability or unwillingness to follow post-operative instructions. Such, in my opinion, was not the situation in the case at bar.

"A charge which injects into the case and submits for the jury's consideration issues not made by the pleadings or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the [plaintiff], and is error requiring the grant of a new trial." (Citations and punctuation omitted.) *Koppar Corp. v. Robertson*, 186 Ga. App. 856, 858 (1) (368 SE2d 807) (1988). In my opinion the charge on contributory negligence was harmful error in this case; consequently, the judgment should be reversed and the case remanded

for a new trial. Accord *Overstreet v. Nickelsen*, 170 Ga. App. 539, 540 (1) (317 SE2d 583) (1984).

I am authorized to state that Presiding Judge Banke and Judge Cooper join in this dissent.

BEASLEY, Judge, dissenting.

I agree with the dissent as to Division 1. I concur in Division 2 of the majority opinion, but I do not concur in all the rulings on evidentiary questions made in Division 3.

DECIDED JULY 31, 1990 —
REHEARING DENIED AUGUST 20, 1990 — CERT. APPLIED FOR.

*Kilpatrick & Cody, Alan R. Perry, Jr., Doffermyre, Shields & Canfield, Robert E. Shields*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Roger Mills, Glen E. Kushel*, for appellee.