A91A0749. BARNES v. WALL.
(411 SE2d 270)

ANDREWS, Judge.

After a jury verdict in favor of defendant Wall, M.D., in this medical malpractice action, plaintiff Barnes, Executor of the Estate of Nataline Lee, appeals. The plaintiff originally sued four defendants as joint tortfeasors: three physicians, including Wall, and the hospital where the medical care at issue was rendered. Prior to trial, the plaintiff settled with two of the physicians and the hospital, and executed a covenant not to sue which reserved the right to pursue this action against defendant Wall.

1. In the first enumeration of error, plaintiff contends the trial court erred by admitting, over objection, the testimony of an annuity expert to establish how the plaintiff might profitably invest the money she had already received from the settlement with the former co-defendants. "Expert testimony as to annuities which could be purchased with the settlement proceeds is irrelevant as it is antithetical to the requirement stated in *Jones v. Hutchins*, 101 Ga. App. 141, 149 (113 SE2d 475), that future pecuniary damages are to be reduced by the jury to the present value. Such evidence may also serve to circumvent OCGA § 51-12-13 which requires that future amounts be reduced to present value upon the basis of interest calculated at 5 percent per annum." *Gusky v. Candler General Hosp.*, 192 Ga. App. 521, 524 (385 SE2d 698) (1989). The trial court erred by admitting this testimony.

2. Secondly, plaintiff asserts the trial court erroneously charged the jury on the procedure by which the settlement amount with the

former co-defendants would be deducted from any damages awarded on account of defendant Wall's alleged negligence.

Where the plaintiff has settled with one or more of the claimed joint tortfeasors, and proceeds to trial against the remaining tortfeasor[s], any damages awarded at trial must be reduced by the amount of the settlement. "An injured person can have but one satisfaction for his injuries; and therefore the amount paid by the tortfeasor in whose favor the covenant not to sue was given will be regarded as a satisfaction pro tanto as to the joint tortfeasors." (Citations and punctuation omitted.) *Ford Motor Co. v. Lee*, 237 Ga. 554, 556 (229 SE2d 379) (1976). This may be accomplished by withholding the settlement amount from the jury; informing the jury to disregard any evidence of settlement or dismissals from the action, and instructing the jury to return a verdict for the full amount of any damages to which the plaintiff may be entitled without consideration of any amount previously paid to the plaintiff in the settlement. In this event the trial court would reduce any damages awarded by the jury by the amount of the settlement. Or the trial court may inform the jury to consider the settlement amount disclosed to them in determining any damages to be awarded. See *Ford Motor Co.*, supra at 555-556; *King Cotton Ltd. v. Powers*, 190 Ga. App. 845, 849 (380 SE2d 481) (1989).

Here, the jury was informed of the settlement amount, and charged as follows:

"Now, members of the jury, in this case, the first thing you should determine is whether or not the plaintiff, by a preponderance of the evidence, has proven that she is entitled to a verdict against Dr. Albert Wall.

"If, from the evidence presented, you determine that the plaintiff is not entitled to to a verdict against Dr. Wall, then that is the end of your inquiry, and you should stop there and find in favor of defendant Wall and against the plaintiff.

"On the other hand, if you determine that the plaintiff is entitled to a verdict against the defendant Albert Wall, then you would *return a verdict against him in the full amount of damages incurred by the plaintiff . . .* arising out of the subject matter of this legal action.

"In that regard, you have heard evidence that the plaintiff has settled with other defendants involved in this case, *and you have heard the amounts. You may take into consideration those amounts in setting the full damages incurred by the plaintiff in this case, should you award damages. The court will set off or deduct the previous settlement amounts from any amount you award the plaintiff against Dr. Wall.*

"In [sic] the amount you award exceeds the sum previously received by the plaintiff in settlement, then Dr. Wall will be required to

pay the difference. If the amount you award is less than the sums previously received by the plaintiff in settlement, then Dr. Wall would not be required to pay the plaintiff any amount." (Emphasis supplied.)

These charges first instruct the jury to take into consideration the disclosed settlement amount in determining damages, then confuse the issue by informing the jury that the court will deduct the settlement from any amount awarded. The charge is misleading and clearly erroneous. See *King Cotton Ltd.*, supra at 848-849.

3. Because the errors in Divisions 1 and 2 both relate to the issue of damages, and the jury found the defendant was not liable, neither require reversal. Where an error in the admission of evidence or the giving of a charge relates only to the issue of damages, and the jury finds the defendant was not liable, the error is harmless because it does not affect the verdict. *Southern Bell Tel. &c. Co. v. Don Hammond, Inc.*, 198 Ga. App. 517, 518 (402 SE2d 112) (1991); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510) (1989).

The trial court instructed the jurors that only if they determined the plaintiff was entitled to a verdict against defendant Wall should they proceed to determine the amount of damages. The court further charged:

"I'm going to send out a form of verdict with you.

"If, in your consideration of the evidence you find in favor of the plaintiff on her claim for general damages for pain and suffering and special damages for the medical expenses, the form of your verdict would be, we, the jury, find for the plaintiff . . . and against the defendant, Albert Wall, in the amount of blank dollars and I just left it blank. You just put one lump sum in there.

"Now, on the other hand, if you should find for the defendant in this case, the form of your verdict would be, we, the jury, find in favor of defendant, Albert Wall, and against the plaintiff. . . . You select one or the other of those. . . .

"It should be signed and dated by your foreperson. I want you to make it very clear to us what you do, so I would suggest that when you have an alternate verdict, you strike out the one you do not find, as well as putting a checkmark or something by the one you do find."

The form of the verdict rendered by the jury is reproduced below.

FORMS OF VERDICT

Select one of the following:

　　　　1.　We, the jury, find for the Plaintiff Nataline Lee and against Defendant Albert Wall in the amount of $___—O—___.

or

√2.　We, the jury, find in favor of Defendant Albert Wall and against Plaintiff Nataline Lee.

If your verdict is #1 above, then find one of the following:

　　　　1.　We, the jury, award exemplary damages to Plaintiff Nataline Lee from Defendant Albert Wall in the amount of $___—O—___.

or

√2.　We, the jury, do not award exemplary damages to Plaintiff Nataline Lee from Defendant Albert Wall.


　　　Plaintiff does not claim the verdict is unclear or susceptible of more than one construction. We conclude that the jury, following the court's suggestion, found for the defendant by placing the checkmark before the initial paragraph 2, and added the zero dollar amounts and the second checkmark to emphasize its determination that the defendant was not liable. OCGA § 9-12-4; *Jordan v. Ellis*, 148 Ga. App. 286, 289 (250 SE2d 859) (1978) (verdict construed in light of pleadings, issues made by evidence, and the charge of the court). Even if the zero dollar entries may indicate the jury first reached this figure under the court's damage charge by deducting or not deducting the settlement amount, we can discern no harm to the plaintiff given that no damages were awarded, and the verdict form clearly indicates the jury found the defendant not liable.

　　　4. As Enumeration 3, plaintiff claims the trial court erred by giving the jury the hindsight charge approved in *Haynes v. Hoffman*, 164 Ga. App. 236, 238 (296 SE2d 216) (1982). The trial court instructed the jury: "I charge you that in a medical malpractice action against a physician, the physician cannot be found negligent on the basis of an assessment of a patient's condition which only later or in hindsight proved to be incorrect, as long as the initial assessment was made in

accordance with the then reasonable standards of medical care. The concept of negligence does not encompass hindsight. Negligence consists of not foreseeing and guarding against that which is probable and likely to happen, not against that which is only remotely and slightly possible."

In other words, in a proper case, this instruction informs the jury that in reaching a verdict as to whether the medical care at issue was within or below the appropriate standard of care, they should consider the knowledge and information which the health care provider had, or in the exercise of reasonable diligence should have had, at the time the care was rendered, and should not consider knowledge or information which was otherwise available only after the care was rendered. The charge becomes appropriate in a medical malpractice case where the evidence raises an issue as to whether the negligence claim is based on later acquired knowledge or information not known or reasonably available to the defendant physician at the time the medical care was rendered. *McCoy v. Alvista Care Home*, 194 Ga. App. 599, 600-601 (391 SE2d 419) (1990).

Since the record on appeal does not contain a transcript of the medical evidence presented to the jury, we are unable to determine whether the charge was appropriate. *Welch v. Mercer*, 165 Ga. App. 776, 777 (302 SE2d 629) (1983). " 'The burden is on the party alleging error to show it affirmatively by the record.' " (Citation omitted.) *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). Accordingly, there is no basis upon which to review this enumerated error. *Welch*, supra.

*Judgment affirmed. Sognier, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991 —

*Michael T. Bennett, Robert P. Phillips III, Williams & Henry, Benjamin S. Williams*, for appellant.

*Beckmann & Pinson, William H. Pinson, Jr., Walter W. Ballew III*, for appellee.