A92A0440, A92A0441. CENTURY 21 MARY CARR &
ASSOCIATES, INC. v. JONES (two cases).
(418 SE2d 435)

JOHNSON, Judge.

A directed verdict was entered in favor of Lucy Mae Jones (Jones) in this action for recovery of a real estate commission. Judgment was also entered in favor of Jones on her counterclaim for return of earnest money. Century 21 Mary Carr & Associates, Inc. (Carr) appeals.

Jones and Carr (as broker) entered into an agreement for the purchase and sale of real property. The contract had a financing con-

tingency clause which obligated Jones to "promptly make application and pursue said application with reasonable diligence to obtain said loan when it is available." Jones applied for a loan with HomeSouth Mortgage Corporation which granted conditional approval of the loan subject to the payment in full of an outstanding Visa account. According to the information provided to HomeSouth, sufficient funds were available in Jones' various bank accounts to pay off the debt. Jones refused to do so. She stated that although her boyfriend was not named on the accounts or listed as a co-owner of the funds on the loan application, the monies in the account also belonged to him. She stated that her boyfriend had recently lost his job and might need the money.

" ' "(E)very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement" Restatement, Second, Contracts, § 231.' (Cit.) . . . In the specific context of a financing contingency in a real estate sales contract, for example, we have held that the purchaser has an implied duty to diligently seek to have the contingency take place, and that this implied duty must be exercised in good faith." *Smithloff v. Benson*, 173 Ga. App. 870, 872-873 (328 SE2d 759) (1985). Whether Jones' actions were reasonable or exhibited the good faith or diligence implied in the contract was clearly a material issue of fact.

No jury was requested, and the court was sitting as the sole trier of fact. Therefore, both the motion for a directed verdict, and the entry of same in the absence of a jury, was procedurally improper. However, it will be treated as an involuntary dismissal pursuant to § 9-11-41 (b). See *Chamlee v. Dept. of Transp.*, 182 Ga. App. 120 (354 SE2d 701) (1987).

The only issue before the trial court was the reasonableness of the efforts of Jones with respect to obtaining financing. Considering the factual evidence presented at trial, we cannot say the trial court would have been in error had it found that Jones failed to exhibit good faith in her response to the conditional loan approval. However, the trial court found that Jones' efforts were reasonable and was satisfied with her explanation of her failure to satisfy the only contingency which related to financing. The trial court, however, had within its breast the authority to draw its own conclusions from the evidence before it. Absent any evidence of abuse of discretion in this matter, the trial court will be presumed to have followed the law. *Cox v. City of Lawrenceville,* 168 Ga. App. 119 (1) (308 SE2d 224) (1983). " 'On appeal an appellate court is bound to construe the evidence in support of the verdict and judgment and if there is some evidence . . . we will uphold the judgment.' (Cit.)" *Touchet v. Holly Isles Estates*, 198 Ga. App. 541, 542 (4) (402 SE2d 317) (1991). We find that the trial court did not err in dismissing the plaintiff's claim.

The entry of a judgment on the counterclaim for the return of the earnest money as an element of the involuntary dismissal (labeled "directed verdict") was not error. Jones, testifying in plaintiff's case as an adverse witness, stated that she had paid the sum of $500 to Carr as earnest money. Therefore, we find that competent evidence regarding the counterclaim was before the court. Having found that a contingency in the contract had failed and, therefore, that Jones was not obligated further under the contract, as a matter of law she was entitled under the terms of the contract to a return of the earnest money.

Both appellee and appellant referred to both Case Nos. A92A0440 and A92A0441 on their briefs and only one enumeration of error was filed. Therefore, we will consider these appeals consolidated for the purposes of appeal.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 29, 1992.

*Randall L. Keen,* for appellant.
*Richard A. Coleman,* for appellee.