A93A1895. OXFORD v. UPSON COUNTY HOSPITAL, INC. et al.

(438 SE2d 171)

BLACKBURN, Judge.

Carolyn Oxford appeals the trial court's denial of her motion for new trial following a defendant's verdict in a jury trial. On appeal, Oxford asserts that the trial court's jury charge on the issues of causation,[1] failure to exercise ordinary care, and comparative negligence were in error. Oxford's physician diagnosed Oxford with gastroenteritis and mild dehydration and, thereafter, he checked her into the Upson County Hospital, Inc. (Upson). While a patient at Upson, Oxford fell and struck her head in the bathroom of her hospital room. Oxford then sued Upson and her nurses for medical malpractice.

The evidence presented at trial revealed that Oxford told her nurse that she needed to go to the bathroom. At that time, nothing on Oxford's chart indicated that she was unable to get out of bed, or that she had been dizzy or lightheaded. Furthermore, Oxford did not tell her nurse that she was dizzy or lightheaded. The nurse assisted Oxford, who had an IV inserted in her left arm, to Oxford's private bathroom, where the nurse stood by closely. While sitting on the commode, Oxford fainted, striking her head on the wall of the bathroom.

Two expert nurses testified regarding the issue of professional negligence, one on behalf of Oxford and one on behalf of the defendants. Both experts testified that it is the patient's responsibility to instruct the nurses as to the symptoms being experienced by the patient, such as lightheadedness. Although there was evidence that her personal physician was aware Oxford had experienced dizziness and lightheadedness prior to her admission to Upson, it was uncontroverted that he did not inform anyone at Upson of these symptoms prior to her fall.

In *Carreker v. Harper,* 196 Ga. App. 658, 659 (396 SE2d 587) (1990), we determined that a charge on comparative negligence was

---

[1] Oxford enumerated that the trial court's charge on contributory negligence was in error; however, the trial court did not charge on contributory negligence and the charge complained of dealt with causation.

appropriate when the defendant, in a medical malpractice case, contended that the "plaintiff failed to disclose fully all information relevant to her condition at the time [the defendant] examined her and to exercise ordinary care for her own safety by seeking additional medical care when her condition did not improve and subsequently worsened." The defendant physician diagnosed plaintiff with viral gastroenteritis when in fact she had appendicitis. Id. at 658. The dissent in *Carreker* focused on the plaintiff's inability to diagnose herself. However, the case sub judice does not require that Oxford diagnose herself, but that she inform the professionals of her symptoms so that they could exercise their professional judgment.

"When there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue. [Cit.]" (Punctuation omitted.) *Hicks v. Doe*, 206 Ga. App. 596, 598 (426 SE2d 174) (1992). Viewing the evidence in support of the verdict, we find that sufficient evidence existed for the charges issued by the trial court. *Century 21 Mary Carr &c. v. Jones*, 204 Ga. App. 96, 97 (418 SE2d 435) (1992).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Newton & Howell, John T. Newton, Jr.*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Daniel J. Huff*, for appellees.