A94A2454. CRAWFORD v. PRESBYTERIAN HOME, INC.
(453 SE2d 480)

BLACKBURN, Judge.

This is the second appearance of this case before this court. In *Crawford v. Presbyterian Home*, 211 Ga. App. XXIX (1994), not officially reported, we dismissed a direct appeal filed in the case as premature because a cross-claim remained pending in the trial court and neither the trial court's judgment nor the order denying the motion for new trial contained the determination required under OCGA § 9-11-54 (b). The appellant, Dr. Donald L. Crawford, now appeals from the trial court's final judgment entered on the jury's verdict of $80,000 as direct and consequential damages and $10,000 in punitive damages after the court made a determination pursuant to OCGA § 9-11-54 (b) that there is no just reason for delay in the entry of final judgment.

The appellee, Presbyterian Home, Inc. (Presbyterian), the residual legatee of the estate of Roberta Jane Gibson, filed an initial action against Crawford individually and in his capacity as executor of the estate seeking an accounting of the estate's assets. Thereafter, Presbyterian commenced an action against Crawford and Crawford's attorney, William P. Johnson, for damages for their alleged depletion of the estate's assets. Both actions were later consolidated. Three

days prior to trial, a settlement agreement was reached between Johnson and Presbyterian, and the case proceeded to trial against Crawford.

1. Initially, Crawford maintains that the trial court erred in denying his motion for mistrial and motion for new trial after Presbyterian revealed the existence of Presbyterian's $50,000 settlement with Johnson.

During cross-examination of Frank McElroy, President and CEO of Presbyterian, Crawford's counsel questioned the witness on the names of the two defendants that Presbyterian filed actions against. On re-direct, Presbyterian's counsel specifically asked McElroy "Did you receive word that Bill Johnson's not here today because he gave back the $50,000?" McElroy responded, "Yes."

Crawford cannot complain of an error he initially induced by questioning the witness concerning another defendant not involved in the present litigation. Cf. *Lewis v. State*, 186 Ga. App. 349 (6) (367 SE2d 123) (1988). In addition, the evidence of the settlement was subsequently admitted without objection during Johnson's testimony on direct examination as a defense witness. The admission of evidence, even if erroneous, is not reversible error where substantially the same evidence is admitted without objection. *Tahamtan v. Tahamtan*, 204 Ga. App. 680, 682 (4) (420 SE2d 363) (1992). Accordingly, the trial court did not err in denying Crawford's motion for a new trial on this ground.

2. Next, Crawford maintains that the trial court erred in failing to charge the jury to deduct the $50,000 settlement figure from the damages awarded as Presbyterian's damages. However, Crawford did not request such a charge and did not object during the charge conference or after the court's instruction to the jury on the trial court's failure to so instruct the jury. Under OCGA § 5-5-24 (a), "no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Accordingly, Crawford has waived any challenge to the court's failure to instruct the jury on this issue. See *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982).

3. Crawford further argues that the trial court erred in granting Johnson's motion to sever the trial of Crawford's cross-claim for contribution. The claim was based upon Johnson's representation of the decedent, the decedent's mother, and Crawford as executor of the estates of the decedent and the decedent's mother.

In granting the motion, the trial court found that the severance of the issues in the cross-claim from the trial on the main action served the convenience of justice and eliminated prejudice. "[S]everance is largely a matter of discretion for the trial judge, and

absent clear and manifest abuse of that discretion, it will not be interfered with on appeal." (Citations and punctuation omitted.) *Southern Guaranty Ins. Co. v. Nixon*, 194 Ga. App. 398, 400 (1) (390 SE2d 638) (1990). See also OCGA § 9-11-42 (b). The trial court severed the claims based upon statutory grounds. Under the circumstances, we find no abuse of discretion. *Nixon*, supra.

4. Crawford also enumerates as error the trial court's failure to mold the jury's verdict by reducing the verdict by the $50,000 settlement figure. However, Crawford did not move the trial court to take this action until after the jury had been dispersed.

OCGA § 9-12-5 provides that, in a proper case, the superior court may mold the verdict so as to do justice. However, after the jury's verdict has been received and recorded and the jury has been dispersed, a verdict may not be amended regarding a matter of substance such as an award of damages. *Force v. McGeachy*, 186 Ga. App. 781, 784 (368 SE2d 777) (1988). See also OCGA § 9-12-7. In the case at bar, the trial court did not err in failing to "mold" the jury's verdict because such action exceeded the trial court's authority. *Force*, supra.

5. Crawford additionally maintains that the damages awarded were so excessive that a new trial is warranted. We disagree. "On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it. Since the verdict was within the range of damages established by the evidence, there was no error." (Citations and punctuation omitted.) *Evans v. Willis*, 212 Ga. App. 335, 339 (5) (441 SE2d 770) (1994).

6. Lastly, Crawford maintains that the trial court erred in charging the jury that it could find him liable under a conspiracy theory and find both he and Johnson liable as joint tortfeasors when Johnson was no longer a party defendant. However, contrary to Crawford's assertions, the charge in question is merely a summary of Presbyterian's contentions. A trial court may state the contentions of the party and summarize the evidence in regard thereto. *General Wholesale Co. v. Hertz Corp.*, 120 Ga. App. 319 (2) (170 SE2d 310) (1969).

Although Crawford maintains that the trial court's statement of Presbyterian's contentions was prejudicial because it included references to Johnson who was not involved in the present litigation, Crawford called Johnson as a witness in his defense of this action and questioned Johnson on the settlement. "One cannot complain of a result he procured or aided in causing and induced error is not an appropriate basis for claiming prejudice." (Citation omitted.) *Roswell Properties v. Salle*, 208 Ga. App. 202, 205 (430 SE2d 404) (1993). In addition, the trial court did not err in charging the law on conspiracy since there was some evidence produced at trial on this issue. *Oxford*

*v. Upson County Hosp.*, 211 Ga. App. 59, 60 (438 SE2d 171) (1993). *Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 14, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995 — 

Van C. Wilks, for appellant.
Walter H. New, for appellee.